**UNITED STATES of America**

v.

**Lawrence Elmo SANDERS.**

**No. J 60 C 12.**

United States District Court
E. D. Arkansas,
Jonesboro Division.

April 4, 1961.

James W. Gallman, Asst. U. S. Atty., Little Rock, Ark., for plaintiff.

W. Slater Hollis, West Memphis, Ark., for defendant.

YOUNG, District Judge.

This cause came on for consideration by the court upon the plaintiff's motion for summary judgment, with exhibits and affidavits, from all of which the court finds:

Findings of Fact.

1. The defendant was duly served in the manner required by law and filed herein an answer in the nature of general denial of the allegations in the complaint.

2. The defendant, during the year 1957 and subsequently, did business as L. E. Sanders and Company in West Memphis, Crittenden County, Arkansas, and obtained a sub-contract from Wallin-Dickey and Rich Lumber Company to perform roofing and sheetmetal work in its construction of a National Guard Armory at West Memphis, Arkansas, under Contract No. DA03–055–NG–148, the cost of construction of which was to be paid jointly by the plaintiff to the extent of 75 percent and the City of West Mem-

phis, Arkansas, to the extent of 25 percent.

3. The defendant was required to submit weekly payrolls for the work performed on the Armory building on the basis of which the general contractor would claim payment from the plaintiff for the percentage of work completed on the project.

4. On November 8, 1957, defendant submitted to plaintiff a false payroll for L. E. Sanders and Company for the week ending November 8, 1957, which payroll was false in that it purported to show that certain employees received $1.40 per hour for labor on the Armory when in truth and fact such persons received only $1 per hour.

5. On January 7, 1958, defendant submitted to plaintiff a false payroll for L. E. Sanders and Company for the week ending January 7, 1958, which payroll was false in that it purported to show that certain employees received $1.40 per hour for labor on the Armory when in truth and fact such persons received only $1 per hour.

6. On May 19, 1958, defendant entered a plea of guilty in Criminal Action 16322, United States District Court for the Eastern District of Arkansas, to an Information charging in two counts the making and presenting of the payrolls described in the two preceding paragraphs hereof which were characterized in such Information as violations of Title 18, United States Code, Section 1001, and upon such guilty plea the defendant received a fine of $500 which was paid.

7. The plaintiff has not proved in this action any actual out-of-pocket damages and does not assert any such damages against the defendant.

### Conclusions of Law.

1. The court has jurisdiction of this cause under Sections 3490–3492 and Section 5438 of the Revised Statutes (31 U.S.C.A. §§ 231–233) and has jurisdiction over the parties hereof.

2. The defendant knowingly made and presented to the plaintiff two false claims for which, under Title 31, United States Code Annotated, Section 231, the plaintiff is entitled to recover two forfeitures in the amount of $2,000 each, for a total of $4,000.

3. The plaintiff should have judgment against the defendant in the amount of $4,000, plus its costs expended herein.