**UNITED STATES of America,**
**Plaintiff,**

v.

**August P. ANNICCHIARICO, Defendant.**

**Civ. No. 258–62.**

United States District Court
D. New Jersey.

June 26, 1963.

David M. Satz, U. S. Atty., by Richard D. Levin, Asst. U. S. Atty., Newark, N. J., for plaintiff.

Samuel Cooper, Jersey City, N. J., for defendant.

COOLAHAN, District Judge.

This is an action brought by the United States, pursuant to 31 U.S.C.A. §§ 231–235, known as the False Claims Act. The matter was tried without a jury before this Court and taken under advisement for further consideration.

The defendant was a sub-contractor of American Heating Company, the holder of a contract awarded by the Department of the Navy for the replacement of steam pipes at the Supply Depot in Bayonne, New Jersey. The prime contract and the subcontract provided for the payment of wages on a scale determined by the Secretary of Labor and provisions for the submission of certified weekly payrolls. The United States Government paid funds under the contract to American Heating Company, which in turn made payments to the defendant. On November 25, 1959 the defendant was indicted for knowingly and willfully making false statements and representations in a Subcontractor's Weekly Payroll Affidavit. The defendant was charged with three counts in violation of 18 U.S.C.A. § 1001. The defendant, August P. Annicchiarico, subsequently entered a plea of guilty to one count of this indictment and was in turn fined $500.00 and given three years probation on February 19, 1960. The remaining counts of the indictment were dismissed and the defendant satisfactorily completed his probationary period and paid the required fine.

The United States later brought this action under the False Claims Act to recover $2,000.00 forfeiture provided therein.

At the trial the United States introduced into evidence a certified copy of the indictment and the judgment on the defendant's plea. The defendant admitted having entered such a plea and the offense as charged.

The chief argument on behalf of the defense was that the United States was in effect exacting a double penalty for the same offense. The argument point-

**340**

ed out that restitution of the underpayment in the payroll had been made to the workmen as well as the fine paid to the authorities and therefore no damage accrued to the United States Government by way of the false claim.

There has been no issue taken with the statements made by the defendant as to his restitution and other conduct. However, the statute expressly allows such an action to be maintained in the absence of any damage to the United States for the liquidated penal sum of $2,000.00. See 31 U.S.C.A. § 231.

 It is also clear that the proceedings under this Act are civil in nature and therefore do not subject the defendant to any double jeopardy as he maintains. See United States ex rel. Marcus v. Hess, 317 U.S. 537, 63 S. Ct. 379, 87 L.Ed. 443 (1943).

Research on the above statute discloses the recent case of United States v. Sanders, 194 F.Supp. 955 (E.D.Ark.1961). This case is extremely analagous to the instant situation and clearly indicates the result which must be reached.

By virtue of the defendant's guilty plea to the willful charge in the prior criminal proceedings, he falls squarely under the statutory language contained in the False Claims Act. His efforts at a defense in this proceedings fall short of establishing any legal reason to deny the claim of the United States.

██ Though the defendant is being penalized a large sum for an offense which may be considered minor as regards the amount of money involved, it must be pointed out that he was guilty of a willful violation of an explicit statutory provision and must now pay the penalty therefor. The judiciary is constrained to follow validly enacted legislation.

It is the order of this Court that judgment shall be rendered for the United States in the amount of $2,000.00.

Let an appropriate order be submitted.