**UNITED STATES, Appellant,**

v.

**Albert VENEZIALE.**

**No. 12820.**

United States Court of Appeals
Third Circuit.

Argued April 21, 1959.

Decided June 29, 1959.

Herbert E. Morris, Washington, D. C. (George Cochran Doub, Asst. Atty. Gen., Chester A. Weidenburner, U. S. Atty., Newark, N. J., Morton Hollander, William E. Mullin, Attys., Dept. of Justice, Washington, D. C., on the brief), for appellant.

No attorney for appellee.

Before MARIS, GOODRICH and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

This is an appeal from a judgment for the defendant in a civil action by the United States for double damages and a statutory forfeiture under the False Claims Act, 31 U.S.C.A. § 231. The government's complaint alleges that the defendant Veneziale caused George and Margaret Boyce to make a fraudulent application for a bank loan wherein it was falsely represented that the loan was wanted for home improvements. when it was in fact wanted and the proceeds were used to buy real property from Veneziale. This fraudulent application became one of the essential documents which induced the Federal Housing Administration to guarantee payment of the bank loan. Later, there was a partial default on the loan with the result that the government was required to pay under its guaranty the sum of:

$944.03. Under the provisions of the False Claims Act,[1] the United States now demands of Veneziale $1,888.06, double the damages actually incurred, plus the statutory penalty of $2,000. A separate count of the complaint asserts that $944.-03 is due as damages suffered from actionable fraud, without regard to the False Claims Act. The case was tried to the court below sitting without a jury. There was a recovery on the second count. However, at the conclusion of the trial the court dismissed the statutory claim for double damages and forfeiture under the False Claims Act, ruling that this fraudulent obtaining of a pledge of the government's credit is not within the statute even though the government has had to pay a substantial sum under its guaranty. The United States has appealed.

In United States v. Tieger, 3 Cir., 1956, 234 F.2d 589, a suit for a statutory penalty under the False Claims Act presenting facts indistinguishable from the facts now before us, except that in Tieger there had been no default on the loan and the government was not out of pocket on its guaranty, we held that no violation of the False Claims Act had been established. Accord, United States v. Cochran, 5 Cir., 1956, 235 F.2d 131. Since that time the Supreme Court has considered the problem of the Tieger case and has ruled in accord with our decision. United States v. McNinch, 1958, 356 U.S. 595, 78 S.Ct. 950, 2 L.Ed.2d 1001.

In our Tieger opinion we stressed the fact that the government had been subjected to no liability on its guaranty. In the McNinch opinion the Supreme Court expressly left open the question whether the additional facts of default on the loan and demand upon the government as guarantor would make a case under the False Claims Act. See 356 U.S. at page 599, 78 S.Ct. at page 952. That question is before us now.

The False Claims Act provides statutory remedies for the wrongdoing of "any person * * * who shall * * * cause to be presented, for payment or approval * * * any claim upon or against the * * * United States * * * knowing such claim to be * * * fraudulent * * *." Here it is clear that the fraudulent statement in the loan application as to the purpose of the borrowing was an essential inducement to the Federal Housing Administration guaranty upon which the government has now had to pay. Thus the wrong of the defendant was an important, even an essential factor in subjecting the government to an enforceable demand for money. Although the wrongdoer neither sought nor obtained any transfer of government funds or property to himself, it has long since been settled that a fraudulently induced contract may create liability under the False Claims Act when that contract later results in payment thereunder by the government, whether to the wrongdoer or someone else. United States ex rel. Marcus v. Hess, 1943, 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443. In that case the wrongdoing was collusive bidding on federally assisted state contracts. The United States later made payments by disbursing federal grants to aid the local government in paying its obligations under the collusively obtained contracts.

Beyond this the only difficulty we see is presented by the argument that the guaranty under which the government made payment was not a false claim but was a bona fide obligation of the United States to another innocent party.

---

1. The False Claims Act, 40 Stat. 1015, 31 U.S.C.A. § 231 reads in part as follows: "Any person * * * who shall make or cause to be made, or present or cause to be presented, for payment or approval, * * * any claim upon or against the Government of the United States, or any department or officer thereof, knowing such claim to be false, fictitious, or fraudulent, * * * shall forfeit and pay to the United States the sum of $2,000, and, in addition, double the amount of damages which the United States may have sustained by reason of the doing or committing such act, together with the costs of suit; and such forfeiture and damages shall be sued for in the same suit."

But so was the obligation of the United States to the local government in United States ex rel. Marcus v. Hess, supra. And this led the Supreme Court to rule that the provisions of the False Claims Act "indicate a purpose to reach any person who knowingly assisted in causing the government to pay claims which were grounded in fraud, without regard to whether that person had direct contractual relations with the government." See 317 U.S. 544–545, 63 S.Ct. 384. The claim before us now is certainly "grounded in fraud" in that a fraudulent misrepresentation induced the government to assume the obligation which it has had to perform. We are satisfied that the government, having been compelled to pay an innocent third person as a result of the defendant's fraud in inducing the undertaking, is entitled to assert a claim against the defendant under the False Claims Act.

The judgment will be reversed and the cause remanded for the entry of a new judgment consistent with the district court's findings on the facts and the present decision on the applicable law.