UNITED STATES of America

v.

GLOBE REMODELING CO., Inc., Marvin S. Berger, Charles Kapitan, Fiori B. Chioffi, Joseph A. Mondella, and James A. Mainolfi, Jr.

Civ. A. No. 2719.

United States District Court
D. Vermont.

June 8, 1960.

Supplemental Opinion July 6, 1961.

Joseph F. Radigan, U. S. Atty., Rutland, Vt., for plaintiff.

Charles Kapitan, pro se.

Bernard R. Dick, Rutland, Vt., for Joseph A. Mondella.

Ryan, Smith & Carbine, Rutland, Vt., for Marvin S. Berger, Fiori B. Chioffi and Globe Remodeling Co., Inc.

O'Neill, Delany & Valente, Rutland, Vt., for Charles Kapitan and James A. Mainolfi.

GIBSON, District Judge.

This case is a civil action brought by the United States under 31 U.S.C.A. §§ 231–235, popularly known as the False Claims Act. The complaint was filed March 17, 1959, and contains eight claims which are presented in eight counts. (The Government has mislabeled the counts as "causes of action". See Rules 8(a) and 10(b), Federal Rules of Civil Procedure, 28 U.S.C.) The six defendants failed to respond to the complaint by answer or motion, so that an entry of default for all defendants was filed on October 17, 1959. That default entry remains in force as to defendants Charles Kapitan and James A. Mainolfi, Jr., who are named defendants only in the first count. Judgment by default will be entered against those two defendants after a hearing by the Court for assessment of forfeitures and damages. Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, the entry of default has been set aside as to defendants Globe Remodeling Co., Inc., Marvin S. Berger, Fiori B. Chioffi, and Joseph A. Mondella. Answers have been filed by these four defendants, and defendant Mondella's motion to amend his answer is hereby granted. The United States has moved for summary judgment on the issue of liability on the ground of collateral estoppel from a prior criminal prosecution against most of the same defendants. On May 12, 1960, the Court heard the various defenses herein disposed of and the motion for partial summary judgment.

In essence, each of the counts in the complaint alleges that one or more of the defendants procured Federal Housing Administration insurance of a particular home improvement loan by executing or causing to be executed a false statement in a credit application or completion cer-tificate and that the Government has paid the insured lending institution its loss on the loan occasioned by the default of the borrowers. Each of the answering defendants has raised in regard to each count in which he is named the defense of failure to state a claim upon which relief can be granted.

The first section of the False Claims Act, 31 U.S.C.A. § 231, reads in part as follows:

"Any person * * * (1) who shall make or cause to be made, or present or cause to be presented, for payment or approval, to or by any person or officer in the civil, military, or naval service of the United States, any claim upon or against the Government of the United States, or any department or officer thereof, knowing such claim to be false, fictitious, or fraudulent, or (2) who, for the purpose of obtaining or aiding to obtain the payment or approval of such claim, makes, uses, or causes to be made or used, any false bill, receipt, voucher, roll, account, claim, certificate, affidavit, or deposition, knowing the same to contain any fraudulent or fictitious statement or entry, * * * shall forfeit and pay to the United States the sum of $2,000, and, in addition, double the amount of damages which the United States may have sustained by reason of the doing or committing such act, together with the costs of suit; and such forfeiture and damages shall be sued for in the same suit."

The numbers added to the text identify the first and second of the six classes of conduct creating liability under the False Claims Act. The other classes of wrongful conduct enumerated in the Act are not pertinent to this case.

■ It is sufficient for disposition of the defense to consider whether the eight counts allege valid claims based on the first class of wrongful conduct. Aside from the question of the statute of limitations, each of the counts states a claim upon which relief can be granted under

the first class of wrongful conduct enumerated in the False Claims Act. United States v. Veneziale, 3 Cir., 1959, 268 F.2d 504. No contrary authority has been cited by the answering defendants. The excellent opinion written by Circuit Judge Hastie in that case fully justifies the legal conclusion which this Court now follows.

The defense of statute of limitations has been pleaded to the fifth, sixth, seventh, and eighth counts by each of the answering defendants. Those counts of the complaint allege that the defendants named therein executed or caused to be executed the documents containing false statements on November 20, 1952, April 22, 1953, January 28, 1953, and February 27, 1953, respectively. The final provision of the False Claims Act, 31 U.S.C.A. § 235, provides: "Every such suit shall be commenced within six years from the commission of the act, and not afterward." The complaint was filed in this civil action on March 17, 1959.

■ The claim of a lending institution for payment on the guaranty obligation by the Federal Housing Administration is a false claim for the purposes of the False Claims Act when the guaranty obligation was induced by one or more false statements in a credit application or completion certificate. United States v. Veneziale, supra. The statute of limitations for the first class of wrongful conduct enumerated in the False Claims Act, specifically for causing such a false claim to be presented for payment, commences when the claim for payment on the guaranty obligation is presented. For counts 5, 6, 7, and 8, plaintiff's exhibits 5, 6, 7, and 8 show that the lending institution's claims were presented on December 16, 1954, December 22, 1954, April 26, 1955, and June 3, 1955, respectively. The period of the statute as to the first class of misconduct enumerated in the False Claims Act had not run out on the four challenged counts when the complaint was filed. The defense of statute of limitations pleaded in defendants' answers is overruled.

■ Defendant Mondella has asserted in his answer to counts 2 and 7 the defense of failure to join an indispensable party. He argues that the defaulting borrowers are indispensable defendants. There is no merit whatever in that contention, and the defense is overruled.

■ Defendants Globe Remodeling Co., Inc., Berger, and Chioffi assert as the third and fourth "defenses" to each count in which they are named the suggestion that the defaulting borrowers would be jointly liable with the defendants if the defendants are to be held liable and the defaulting borrowers were made defendants. This suggestion presents no defense permitted under the Federal Rules of Civil Procedure. It is not asserted that the defaulting borrowers are indispensable pursuant to Rule 12(b) (7), as defendant Mondella asserted without avail. Nor is it moved under Rule 21 that the defaulting borrowers be made defendants in accordance with Rule 19. Even if such a motion had been made, it would have to be denied because complete relief can be accorded between those already parties.

There remains for determination the extent to which contest of the issue of liability in this civil action is precluded by collateral estoppel from the prior criminal action. Defendants Globe Remodeling Co., Inc., and James A. Mainolfi, Jr., were not defendants in the prior criminal action so that there is no collateral estoppel as to them. However, the entry of default against defendant Mainolfi imposes liability on him. Defendants Marvin S. Berger, Fiori B. Chioffi, and Joseph A. Mondella were all defendants in the criminal action to one or more of the twelve counts alleged in the indictment. The indictment was filed on January 3, 1957. Each count of the indictment alleged in essence that the defendants named therein, for the purpose of obtaining a loan from a lending institution with the intent of offering the loan to the Federal Housing Administration for insurance, and for the purpose of influencing the action of the Federal Housing Administration, did make, pass,

utter, and publish a false statement in an FHA credit application or completion certificate, knowing that the statement was false, in violation of 18 U.S.C. § 1010. On May 27, 1957, defendants Berger, Chioffi, and Mondella each pleaded guilty to one or more counts of the indictment. The factual situations underlying all of the counts of the civil complaint in which these three defendants are named are exclusively the factual situations underlying the criminal counts to which they pleaded guilty.

There are three significant questions controlling the liability of defendants Berger, Chioffi, and Mondella for misconduct of the first category enumerated in 31 U.S.C.A. § 231. First, was there a false claim coming within the purview of the False Claims Act? Second, was that claim presented for payment to the Federal Housing Administration? And third, did the named defendants cause the claim to be presented?

■■■ The doctrine of collateral estoppel is that a prior criminal conviction works an estoppel in favor of the Government on questions distinctly put in issue and directly determined in the criminal prosecution. Emich Motors Corporation v. General Motors Corporation, 1951, 340 U.S. 558, 568–569, 71 S.Ct. 408, 95 L.Ed. 534. For defendants Berger, Chioffi, and Mondella, each criminal count to which they pleaded guilty distinctly put in issue and their plea of guilty directly determined that they made and used a document containing a statement known by them to be false for obtaining FHA insurance on a home improvement loan. United States v. Veneziale, supra, established that a claim for payment under such a fraudulently induced guaranty obligation is a false claim within the scope of the False Claims Act, even if the payment is made to a presumably innocent lending institution. Therefore, defendants Berger, Chioffi, and Mondella may not contest on any count whether the claim for reimbursement on the defaulted loan by the lending institution, if presented, was a false claim under the False Claims Act.

■■■ As to the question of presentation of the false claim for payment, there is no collateral estoppel. Defendants Berger, Chioffi, and Mondella may contest on any count of the civil complaint whether the lending institution presented to the Federal Housing Administration a claim for reimbursement of its loss on the defaulted loan.

■■■ Dealing with the question of causation under the False Claims Act, the Supreme Court concluded that the coverage of the Act is broad:

"These provisions, considered together, indicate a purpose to reach any person who knowingly assisted in causing the government to pay claims which were grounded in fraud, without regard to whether that person had direct contractual relations with the government."

United States ex rel. Marcus v. Hess, 1943, 317 U.S. 537, 544–545, 63 S.Ct. 379, 384, 87 L.Ed. 443. This Court holds as a matter of law that those persons making and using a fraudulent FHA credit application or completion certificate proximately cause the presentation of any claim for payment under the guaranty obligation on the same loan. See United States v. Veneziale, supra. Therefore, defendants Berger, Chioffi, and Mondella may not contest the question of causation.

■■■ Neither the United States nor any of the defendants have requested trial by jury. Therefore, trial by jury has been waived under Rule 38(d) of the Federal Rules of Civil Procedure. As to defendant Globe Remodeling Co., Inc., the Court will try all issues for each count in which it is named a defendant. As to defendants Marvin S. Berger, Fiori B. Chioffi, and Joseph A. Mondella, the Court will try the unresolved question pertaining to liability and the issue of forfeiture and damages for each count in which they are named defendants. Finally, as stated earlier, the Court will try only the issue of assessment of for-

feitures and damages as to defendants Charles Kapitan and James A. Mainolfi, Jr. The case will be set for trial as to all defendants at one time unless it comes to the attention of the Court that separate trials should be ordered under Rule 42(b).

### Supplemental Opinion

The issues left unresolved by the Order of June 8, 1960, were tried as to all defendants on May 31, 1961 and June 7, 1961. The case is now ready for final disposition.

There are eight counts in this civil action, each of which concerns a different false claim against the Federal Housing Administration on a defaulted home improvement loan. The government introduced into evidence as Exhibit 9 the eight Title I Claims for Loss, which are connected with the eight counts. This Court finds that the lending institution did present to the Federal Housing Administration the specified eight claims for reimbursement of its insured losses on defaulted home improvement loans. The issue of presentation of the claims had been left open as to defendants Berger, Chioffi and Mondella by the order of June 8, 1960. All other issues concerning the liability of the individual defendants had been resolved against them. Therefore, the liability of each of the individual defendants under the False Claims Act is now established on every count in which he is named.

The government has moved for dismissal of this civil action under Rule 41 (a) (2) as to the corporate defendant, Globe Remodeling Company, Inc. That motion has been granted.

There remains for determination the damages, forfeitures, costs, and interest to be assessed against each of the individual defendants.

■ The False Claims Act provides that any violator "shall forfeit and pay to the United States the sum of $2,000, and, in addition, double the amount of damages which the United States may have sustained by reason of the doing or committing such act, together with the costs of suit * * *." 31 U.S.C.A. § 231. For a particular false claim, the defendants found responsible are jointly and severally liable for the double damages sustained by reason of the claim, and they are jointly and severally liable for a single forfeiture in the sum of $2,000. United States v. American Packing Corporation, D.C.D.N.J.1954, 125 F. Supp. 788, 797.

Over the years that have intervened between payment of the insured losses by the Federal Housing Administration and the final judgment in this civil action, the original losses have been reduced by repayments to the government from the borrowers who defaulted. The amounts of the repayments on the false claims involved in this case are ascertainable from the Federal Housing Administration statements of account, which were introduced into evidence by the government as Exhibits 1 through 8. Consequently, the question arises of whether these repayments should be subtracted before or after doubling the original losses.

■ The repayments are to be subtracted after doubling the original losses for three reasons. First, the unscrupulous defendants should not be permitted to benefit from the costly and time-consuming collection efforts of the government. Second, if repayments were subtracted before doubling the original losses, the double damage provision would be rendered a nullity in instances where the government has fully succeeded in its efforts to secure repayments. In this case, for example, the original loss on the false claim set forth in Count 8 was fully repaid. Third, if the original losses are doubled first, the persons responsible for losses on false Federal Housing Administration claims will have an incentive for seeing to it that the fraudulently procured loans are repaid on time.

The formula for computation of the liability for damages and a forfeiture on each count is doubling of the original loss, then subtraction of subsequent re-

payments by the borrowers who defaulted, and then addition of the $2,000 forfeiture.

A table follows in which the liability for damages and forfeitures has been calculated on this basis.

| Count | Original Loss | Doubled | Repaid | Net plus $2000 |
|---|---|---|---|---|
| 1 | $2 181.44 | $4 362.88 | $ 60.00 | $6 302.88 |
| 2 | 2 012.52 | 4 025.04 | None | 6 025.04 |
| 3 | 1 037.46 | 2 074.92 | 650.00 | 3 424.92 |
| 4 | 1 602.99 | 3 205.98 | 106.04 | 5 099.94 |
| 5 | 880.26 | 1 760.52 | 120.00 | 3 640.52 |
| 6 | 1 258.56 | 2 517.12 | 800.23 | 3 716.89 |
| 7 | 1 160.13 | 2 320.26 | 640.71 | 3 679.55 |
| 8 | 460.15 | 920.30 | 460.15 | 2 460.15 |

◆

As to interest, the fundamental rule is that interest shall be allowed on any money judgment in a civil case recovered in a district court. However, such interest shall be calculated from the date of the entry of judgment, at the rate allowed by state law. 28 U.S.C. § 1961. Interest is not recoverable in statutory actions for double or triple damages. 15 Am.Jur. Damages Sec. 169. Therefore no interest will be allowed the Government against these defendants.

It is adjudged that the defendants are indebted to the United States as follows:

*Count 1:* Defendants Berger, Kapitan and Mainolfi are jointly and severally liable to the United States for $6,302.88.

*Count 2:* Defendants Berger and Mondella are jointly and severally liable to the United States for $6,025.04.

*Count 3:* Defendant Berger is liable to the United States for $3,424.92.

*Count 4:* Defendant Berger is liable to the United States for $5,099.94.

*Count 5:* Defendants Berger, Kapitan and Chioffi are jointly and severally liable to the United States for $3,640.52.

*Count 6:* Defendants Berger and Chioffi are jointly and severally liable to the United States for $3,716.89.

*Count 7:* Defendants Berger and Mondella are jointly and severally liable to the United States for $3,679.55.

*Count 8:* Defendants Berger and Chioffi are jointly and severally liable to the United States for $2,460.15.

All the individual defendants are held jointly and severally liable for the costs of this civil action.