UNITED STATES of America,
Plaintiff,

v.

CHEROKEE IMPLEMENT COMPANY,
M. Ben Brosser, Elmer Johnson, and
William D. Schmillen, Defendants.

Civ. No. 1319.

United States District Court
N. D. Iowa,
Western Division.

March 21, 1963.

———◆———

Donald E. O'Brien, U. S. Atty., Sioux City, Iowa, for the Government.

Loyal R. Martin, Cherokee, Iowa, and John W. Gleysteen, Robert R. Eidsmoe, Sioux City, Iowa, for defendants.

HANSON, District Judge.

This submission is on a motion by the four defendants to dismiss the action brought against them by the Government under the false claims statute (31 U.S. C.A. §§ 231 & 232) to collect civil penalties. One of the defendants is the Cherokee Implement Company, a corporation, and the other three defendants operate or work for this corporation. It is alleged that M. Ben Brosser, Pres--

ident of the corporation, prepared and executed invoice No. 82928 which contained false, fictitious and fraudulent statements and by reason of this caused the United States to disburse to Kenneth Nelson the sum of $727.33 under the Commodity Credit Corporation loan program to finance the purchase of mobile drying equipment. The same charge is brought against William D. Schmillen, accountant and office manager of the corporation, for preparing invoice No. 16839 for James Hughes and invoice No. 11139 for Harold Conley. The same charge is brought against Elmer Johnson, salesman for the corporation, for preparing and executing invoice No. 13799 for Richard Henke. The purchase price of the equipment and the amount paid by the purchaser as a down payment constituted the false statements on the invoices.

The defendants move that the action be dismissed for three reasons: (1) That a false claim has not been made against the United States; (2) That the United States must suffer actual damages before the penalty under Title 31 U.S.C.A. § 231 may be collected; and (3) That the defendants are not parties who may be liable under this statute by reason of a false claim being made.

■■ The test as to whether a false claim is made against the United States is whether there is a demand for money or for some transfer of public property or disbursement of public funds. United States v. McNinch, 356 U.S. 595, 78 S.Ct. 950, 2 L.Ed.2d 1001 (1958 dicta). Where the United States actually makes a loan by reason of a false application, there may be a claim under the false claims statute. United States v. Rainwater, 244 F.2d 27 (8th Cir.) affirmed 356 U.S. 590, 78 S.Ct. 946, 2 L.Ed.2d 996 (the point argued before the Supreme Court was whether any claim against Commodity constituted a false claim under this statute). The cases since the McNinch decision have accepted this test. In United States v. Veneziale, 268 F.2d 504 (3rd Cir., 1959), it was considered a false claim when the Government had to pay

on a loan guaranteed. In all these cases where money was actually paid out in response to a false application for a loan, it was a claim within 31 U.S.C.A. § 231. Smith v. United States, 287 F.2d 299 (5th Cir., 1961); United States v. Brown, 274 F.2d 107 (4th Cir., 1960); United States v. Globe Remodeling Co., Inc., D.C., 196 F.Supp. 652.

■ The courts have always rejected the argument that the United States must suffer actual damages before the penalties under 31 U.S.C.A. § 231 may be collected. United States v. Cato Brothers, 273 F.2d 153 (4th Cir., 1959); United States v. Sanders, D.C., 194 F.Supp. 955; United States v. Rohleder, 3 Cir., 157 F.2d 126; United States v. Ben Grunstein & Sons, D.C., 127 F.Supp. 907; United States v. Johnston, D.C., 138 F.Supp. 525; United States ex rel. Marcus v. Hess, 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443 (dicta); Toepleman v. United States, 4 Cir., 263 F.2d 697 (dicta).

As to who may be liable when a claim is made, the statute says any person who shall make or cause to be made, or present or cause to be presented * * * any claim upon or against the Government * * * or who, for the purpose of obtaining or aiding to obtain the payment or approval of such claim makes, uses, or causes to be made or used any false bill, receipt, voucher, roll, account, claim, certificate, affidavit, or deposition. United States v. Veneziale, supra, holds that where a vendor causes a vendee to make a false claim in order that a purchase can be made, the vendor may be liable under this statute. In United States v. American Precision, D.C., 115 F.Supp. 823, the president of the corporation was liable under this statute. In that case, the distinction was suggested that the person must be responsible for the claim being made and would not be liable if he was merely carrying out orders. United States v. Globe Remodeling Co., supra, was a case where several persons evidently working for the corporation were held liable but there was suggested no test for determining who is liable other than the statute.

■■ In United States ex rel. Marcus v. Hess, supra, the court said the statute was intended to reach any person who knowingly assisted in causing the Government to pay claims grounded in fraud. The parties were officers and members of the Electrical Contractors Association of Pittsburgh but neither the Supreme Court decision or the Circuit decision further cleared this up. See the Court of Appeals opinion in 3 Cir., 127 F.2d 233. Also, in this case, the complaint was based on the part of the statute charging conspiracy. Also, in Murray & Sorenson, Inc. v. United States, 1 Cir., 207 F.2d 119, 42 A.L.R.2d 628, the corporation, its secretary-treasurer and the purchasing agent were liable. On page 544 of 317 U.S., on page 384 of 63 S.Ct. of the Hess case, the court indicated that a charge of conspiracy may not be necessary. It seems from these cases that both the corporation and those working for it or running it may be liable, but it appears that in order for the individual to be liable, he must have been part of the cause which resulted in the false claim. Taking the Government's allegations as true, it must be assumed that the defendants meet this test.

■■ The Court does not now determine that the defendants come within the provisions of 31 U.S.C.A. § 231 which describes which parties may be liable when a false claim is presented. The language of the statute makes reference to a party being liable who causes a claim to be made, or who, for the purpose of obtaining or aiding to obtain the payment or approval of such claim makes, uses, or causes to be made or used, any false bill, receipt, voucher, roll, claim, certificate, affidavit, or deposition. Without evidence being introduced on this point, it is not now possible to say that the defendants could not be liable under this statute. On a Motion to Dismiss, the allegations of the Complaint must be taken as capable of being proven. The Court finds that none of the contentions given by the defendants as reasons to dismiss this cause can be sustained. The Court, therefore, finds that the Motion to Dismiss should be overruled.

It is, therefore, hereby ordered that Defendants' Motion to Dismiss be and it is hereby overruled.