UNITED STATES of America

v.

Robert Vaughn LAGERBUSCH,
Appellant.

No. 15642.

United States Court of Appeals
Third Circuit.

Argued May 24, 1966.

Decided June 7, 1966.

Daniel J. Beggy, Pittsburgh, Pa. (John R. Luke, Pittsburgh, Pa., on the brief), for appellant.

Florence Wagman Roisman, Appellate Section, Civil Division, Dept. of Justice, Washington, D. C. (John W. Douglas, Asst. Atty. Gen., Gustave Diamond, U. S. Atty., Alan S. Rosenthal, Atty., Department of Justice, Washington, D. C., on the brief), for appellee.

Before HASTIE and GANEY, Circuit Judges, and WRIGHT, District Judge.

PER CURIAM:

Pursuant to a jury's answers to special interrogatories, the district court entered judgment for the United States against the appellant under the provision of the False Claims Act, 31 U.S.C. § 231, that "[a]ny person * * * who shall make or cause to be made * * * any claim upon or against the Government of the United States * * * knowing such claim to be false, fictitious, or fraudulent * * * " shall be liable to the United States for double damages as well as a penalty.

On this appeal it is contended that the False Claims Act is inapplicable because the appellant's false representations were made to and the consequent undeserved payments of money were made by Hercules Powder Co., a private corporation which employed him. However, it appears clearly that Hercules was operating an installation of the United States government on a cost plus contract under which the United States paid or reimbursed Hercules for all operating costs, including the sums fraudulently obtained from Hercules by the appellant. We have no doubt that the False Claims Act covers such an indirect mulcting of the gov-

ernment. United States ex rel. Marcus v. Hess, 1943, 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443; United States v. Veneziale, 3d Cir. 1939, 268 F.2d 504. We are not persuaded by the argument of the appellant that there is anything in the earlier decision in United States v. Cohn, 1926, 270 U.S. 339, 46 S.Ct. 251, 70 L.Ed. 616, which is inconsistent with our conclusion or with the above cited supporting cases.

■ The appellant also urges that he was prejudiced by the failure of the court to submit to the jury the alternative possibility of lesser civil liability for common law fraud under two additional counts of the government's complaint. Since the case was submitted to the jury upon clear and comprehensive special interrogatories and the answers, consistent with the evidence, were such as to establish liability under the False Claims Act to the full extent of the resulting judgment, we are satisfied that the court's disregard of the government's alternative counts did not constitute error prejudicial to the appellant.

The judgment will be affirmed.