**UNITED STATES of America,**
**Plaintiffs,**

v.

**Jack POLLY, Chet Snow, d/b/a Chet Snow Realty Company, and Goodyear Mortgage Corporation, Defendants.**

**Civ. No. 2116.**

United States District Court
W. D. North Carolina,
Charlotte Division.

June 28, 1966.

William Medford, U. S. Atty., Asheville, N. C., Joseph R. Cruciani, Asst. U. S. Atty., Charlotte, N. C., and Leonard B. Shulman, Atty., U. S. Dept. of Justice, for plaintiff.

Sol Levine and Alton G. Murchison, III, Charlotte, N. C., for defendant Chet Snow, d/b/a Chet Snow Realty Company.

Jack T. Hamilton and James D. Monteith, Charlotte, N. C., for defendant Goodyear Mortgage Corp.

## OPINION AND ORDER DENYING MOTIONS TO DISMISS

CRAVEN, Chief Judge.

Chet Snow, doing business as Chet Snow Realty Company (Snow), and Goodyear Mortgage Corporation (Goodyear) move to dismiss[1] this action brought by the United States to recover double damages and the statutory forfeiture under the False Claims Act, 31 U.S.C.A. § 231. The government contends that it has sustained a loss by reason of a false claim being filed against the Federal Housing Administration; it further asserts that the alleged false claim was executed or was caused to be executed by the defendants herein.

The government alleges that Snow caused Jack Polly and his wife to enter into a contract with Century Construction Company for the purchase of a residence and lot in Charlotte, North Carolina; that all three of the defendants named in this suit, in an attempt to secure mortgage insurance from the Federal Housing Administration,[2] falsely misrepresented Polly's estimated annual base pay and his annual supplemental income; that by reason of such false misrepresentation the loan made by Goodyear to Polly in the amount of $14,350.00 was placed in an insured status by the Federal Housing Administration; that subsequently Goodyear assigned its mortgage on Polly's residence and lot to the Dollar Savings Bank of New York City; that Polly defaulted in his payments, and the Bank foreclosed on the mortgage; and that the Federal Housing Administration, in satisfying the claim against it by Dollar Savings Bank, sustained a loss of $2,679.50 when the property was sold.

The pertinent portion of the False Claims Act as contained in Title 31 U.S. C.A. Section 231 is as follows:

"Any person * * * who shall make or cause to be made, present or cause to be presented, for payment or approval * * * any claim upon or against the Government of the United States * * * knowing such claim to be false, fictitious, or fraudulent * * * shall forfeit and pay to the United States the sum of $2,000, and, in addition, double the amount of damages which the United States may have sustained by reason of the doing or committing such act, together with the costs of suit. * * *"

In seeking to dismiss the action, Snow and Goodyear rely upon United States

---

1. Snow's motion to dismiss is directed to the government's first cause of action which seeks to recover double damages and the statutory forfeiture provided for in the False Claims Act. The government's second cause of action is grounded in common law fraud and prays for single damages; i. e., the amount of loss sustained by the government.

2. Under Title II of the National Housing Act, 12 U.S.C.A. § 1708 et seq., the Commissioner of the Federal Housing Administration is authorized to insure financial institutions for the purpose of financing the purchase of specified family residences upon application for such insurance by the financial institution. A financial institution which is approved and accepted by the Commissioner as an insured lender is permitted to extend and to place under insurance coverage loans which qualify for insurance by reason of the fact that they comply with certain minimum requirements for eligibility as prescribed by the regulations. Upon default by the borrower in his mortgage payments, the insured lender is entitled to file a claim against the Federal Housing Administration for reimbursement for loss on an eligible loan.

v. McNinch, 356 U.S. 595, 78 S.Ct. 950, 2 L.Ed.2d 1001 (1958), in which it was held that a lending institution's application for credit insurance under the Federal Housing Administration program is not a "claim" as that term is used in the False Claims Act.[3] But in *McNinch* there was no default and no loss to the government. The Court expressly reserved ruling on the question had there been default: "Since there has been no default here, we need express no view as to whether a lending institution's demand for reimbursement on a defaulted loan originally procured by a fraudulent application would be a 'claim' covered by the False Claims Act." Id., n. 6 at 599, 78 S.Ct. at 952. Does this distinguishing factor require a ruling contrary to *McNinch*? The Court of Appeals for the Third Circuit thinks so. In United States v. Veneziale, 268 F.2d 504 (3rd Cir. 1959), it was held that "the government, having been compelled to pay an innocent third person as a result of the defendant's fraud in inducing the undertaking, is entitled to assert a claim against the defendant under the False Claims Act." Id. at 506. In *Veneziale* the vendor caused the purchasers to make a fraudulent application for a bank loan wherein it was falsely represented that the loan was wanted for home improvements when it was really wanted and the proceeds were used to buy real property from the vendor. There was a partial default on the loan and the government was required to pay under its guaranty a sum of money.

Snow concedes that *Veneziale* supports the government's position in this case, but asserts that the decision is erroneous. Goodyear urges that the fraud in *Veneziale* differs substantially from the fraud alleged in this case, and further urges that it did not "make or cause to be made" or "present or cause to be presented" the claim of the Dollar Savings Bank of the City of New York to the Federal Housing Administration on its guarantee.

The Court of Appeals for the Third Circuit correctly anticipated the *McNinch* decision in United States v. Tieger, 234 F.2d 589 (3rd Cir. 1956). The court held in *Tieger*, upon facts similar to *McNinch*, and in which there had been no default, that no violation of the False Claims Act had been established. The court stressed the fact that the government had been subjected to no liability on its guaranty. As was stated in the *Tieger* case, "the conception of a claim against the government normally connotes a demand for money or for some transfer of public property." 234 F.2d at 591; cf. United States v. Howell, 318 F.2d 162 (10th Cir. 1963). However, it was held in United States ex rel. Marcus v. Hess, 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443 (1943), that the provisions of the False Claims Act extend to "any person who knowingly assisted in causing the government to pay claims which were grounded in fraud, without regard to whether that person had direct contractual relations with the government." Id. at 544, 63 S.Ct. at 384. Assuming, as I must do on motion to dismiss, that the government's allegations are true, I am of the opinion that the claim was based upon a fraudulent application and that the application was an important, even "an essential inducement to the Federal Housing Administration guaranty upon which the government has now had to pay." United States v. Veneziale, supra, 268 F.2d at 505. See also United States ex rel. Marcus v. Hess, supra. Goodyear and Snow may be said to have caused to be made or presented a fraudulent claim within the meaning of the statute as interpreted in *Veneziale*.

The government is entitled to assert a claim against the defendants under the False Claims Act. The motions to dismiss are denied.

---

**3.** More specifically, the Court said: "From the language of that Act, read as a whole in the light of normal usage, and the available legislative history we are led to the conclusion that an application for credit insurance does not fairly come within the scope that Congress intended the Act to have." 356 U.S. at 599, 78 S.Ct. at 952.