Dennis A. HENRY and Anne Durrah, Individually and as Partners, Trading as Arawak Chemical Company, Defendants-Appellants,

v.

UNITED STATES of America, Plaintiff-Appellee.

No. 27845.

United States Court of Appeals, Fifth Circuit.

April 15, 1970.

J. L. Jordan, Atlanta, Ga., for defendants-appellants.

Beverly R. Bates, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before AINSWORTH, DYER and SIMPSON, Circuit Judges.

SIMPSON, Circuit Judge:

On March 6, 1963, General Services Administration [GSA] entered into a contract for an indefinite quantity of

pine oil disinfectant with Arawak Chemical Company [Arawak] which was the trade name of a partnership composed of Anne Durrah and Dennis A. Henry. The disinfectant was to contain a minimum of 80% pine oil, 10% anhydrous soap and 10% or less moisture at a specified price per 55-gallon drum, gallon or quart. The product was to be delivered as ordered from time to time by GSA upon its issuance of purchase orders to fulfill the normal supply requirements of the Savannah and East Point GSA depots through January 31, 1964.

Henry and Anne Durrah were partners in Arawak, although Durrah did not actively participate in the business. Henry directed the business and employed Leonard Broadnax to drive trucks, mix chemicals and work in the company warehouse. Broadnax had no part in management.

Arawak, during the period of the contract and prior to February 7, 1964, submitted five invoices to the United States in connection with the delivery of material labeled as pine oil disinfectant under the contract.

The United States conducted tests on some of the disinfectant supplied which disclosed that it was vastly inferior to the product which it purported to be.[1] The government, when it determined that the material was defective and without value for its purposes, without tendering shipment of the unused material back to Arawak or selling the material to another person, brought suit under the False Claims Act, Title 31 U.S. C., Sections 231–233.

The district court held that Arawak submitted the five invoices to the government knowing them to be false and intending to deceive the government. The United States was awarded damages based on the amount which the government paid for the defective merchandise less the value of that part of the merchandise which the government used. This amount was found to be $5,083.29. Judgment for twice that amount was entered for the United States, as provided by the statute, and the appellee was also awarded the statutory forfeiture of $2000 for each of the five false invoices submitted by Arawak. In total, the government was awarded $20,166.58 in damages. The judgment ran against Henry and Durrah individually and as partners trading as Arawak Chemical Company. Henry and Durrah joined in the Notice of Appeal. Leave to appeal in forma pauperis was granted to Durrah and denied as to Henry. He has taken no further part in the appeal. We affirm as to the appeal of Henry and reverse in part as to Anne Durrah's appeal.

■ Her contentions: that the government did not prove fraud, that the government was entitled to only one forfeiture, and that the district court applied an erroneous standard in computing damages do not warrant discussion. See Faulk v. United States, 5 Cir.1952, 198 F.2d 169; United States v. National Wholesalers, 9 Cir.1956, 236 F.2d 944. Since Henry had knowledge and directed the fraudulent activities, the allocation of damages as to him individually and as a partner is affirmed.

■ The troublesome aspect of this appeal is the question of whether the False Claims Act can be properly applied to an inactive partner who had no knowledge of and did not participate in the fraudulent scheme, as was the case with Anne Durrah. The reported cases supply no definitive answer to the proposition.

The False Claims Act is confined to those persons who make or cause to be made a claim "knowing such claim to be

---

1. Laboratory tests of material labeled pine oil disinfectant and supplied under the allegedly fraudulent invoices established that the tested material with only several exceptions did not contain a minimum of 80% pine oil and 10% or less moisture as required in the contract; the material tested contained varying percentages of pine oil ranging as low as 8.6% and moisture as high as 67.25%. In those few tests where samples were found to be within specifications, there was an unacceptable lack of homogeneity among samples of the same batch and purchase order.

false, fictitious, or fraudulent" or who knowingly "enters into any agreement combination, or conspiracy to defraud the Government \* \* \* by obtaining \* \* \* the payment \* \* \* of any false or fraudulent claim". Knowledge of the fraud then is an essential element of the statute.

The penalty provisions of the statute are harsh. As a result, this Circuit has been reluctant to impute knowledge of fraud to unknowing participants. In United States v. Priola, 5 Cir.1959, 272 F.2d 589, the Court refused to impute guilty knowledge to an unknowing partner and found that the inactive partner could not be held to be individually liable for the government's claim brought under the False Claims Act. In that case, the government brought suit against the appellant individually and not against the partnership, as is the situation in our case. In United States v. Ridglea State Bank, 5 Cir.1966, 357 F.2d 495, this Court, in a False Claims Act case, refused to impute the fraud of a corporate employee to an innocent and unsuspecting corporation. The refusal to impute was based on the conclusion that the corporation did not benefit from the fraud.[2]

We conclude that the partnership assets can be reached because the fraud was perpetrated by one of the partners on behalf of the partnership. Anne Durrah's personal assets may not be used to satisfy the judgment under the False Claims Act because she in no way contributed to the fraud and had no knowledge of it.

■ The United States urges that if the False Claims Act claim fails, the pleadings asserted a common law action for fraud and that under the common law, both Georgia and federal, an inactive partner is individually liable for the actual damages sustained. See United States v. Borin, 5 Cir.1954, 209 F.2d 145, cert. denied 348 U.S. 821, 75 S.Ct. 33, 99 L.Ed. 647. The point is well taken. The district court found, as above set forth, that actual damages amounted to $5083.29. The proof was sufficient to support common law action for fraud, and this relief should be granted to the government, regardless of consistency, Rule 8(e) (2), F.R.Civ.P., and even though not specifically demanded by the pleadings, Rule 54(c), F.R.Civ.P.

The case is affirmed in part and reversed and remanded in part. Upon remand the district court is directed to vacate the judgment against Anne Durrah individually except for actual damages in the amount of $5083.29. The judgment against the partnership and against Dennis A. Henry is affirmed. Since Anne Durrah's appeal was heard in forma pauperis on the original record, it is directed that the government shall pay its own costs. See Rule 39(a), F.R.App.P.

Affirmed in part, reversed and remanded in part.

2. Compare United States v. Cherokee Implement Company, N.D.Iowa 1963, 216 F. Supp. 374, where the court stated "It seems from these cases that both the corporation and those working for it or running it may be liable, but it appears that in order for the individual to be liable, *he must have been part of the cause* which resulted in the false claim". (Emphasis added). See also United States v. Toepleman, E.D.N.C.1956, 141 F.Supp. 677, affirmed in part, reversed in part on other grounds sub nom. United States v. McNinch, 4 Cir., 242 F.2d 359, affirmed in part and reversed in part on other grounds 356 U.S. 595, 78 S.Ct. 950, 2 L.Ed.2d 1001. Contra, United States v. Klein, W.D.Penn.1964, 230 F.Supp. 426, 439, affirmed 3 Cir., 356 F.2d 983.