UNITED STATES of America, Plaintiff,

v.

Eugene BRUMFIELD, et al., Defendants.

No. C–1–81–963.

United States District Court,
S. D. Ohio, W. D.

May 28, 1982.

---

Elizabeth Gere Whitaker, Asst. U. S. Atty., Cincinnati, Ohio, for plaintiff.

William R. Pettit, Cincinnati, Ohio, for Eugene Brumfield and B. G. Properties, Inc.

Richard L. Norton, Cincinnati, Ohio, for Gene Alan Graff.

Michael Brown, Cincinnati, Ohio, for Thaddeus Denthriff.

## OPINION AND ORDER DENYING MOTION TO JOIN PARTIES

SPIEGEL, District Judge:

This matter came on for consideration of the motion of defendant, Gene Alan Graff, for an Order allowing joinder as defendants in this action of "One Hundred John Does," (doc. 7) with an accompanying memorandum (doc. 10), and the response of the plaintiff opposing such motion (doc. 9). Upon consideration and for the reasons hereinafter set forth, it is the conclusion of the Court that defendants' motion should be denied.

This is a civil action to recover losses suffered by the United States as a result of having been defrauded by the defendant, Gene Alan Graff, in his dealings with the Department of Housing & Urban Development (HUD), by the making of false statements, in violation of 18 U.S.C. § 1001. Defendant Graff, with the active assistance of the other named defendants, developed a scheme to defraud plaintiff by selling at significantly higher prices certain residential real estate to veterans who held fraudulently obtained VA mortgages on their purchases of the properties, which later defaulted, causing the Veterans Administration to honor claims against the guarantees. The United States asserts several legal theories for recovery, including the right to recover double its actual damage under the False Claims Act, 31 U.S.C. §§ 231–235, or to recover at common law for fraud and deceit, unjust enrichment, and to obtain an accounting. Defendant Graff is seeking to join as "indispensable parties" One Hundred John Doe Defendants, those being persons without whose assistance, knowing or otherwise, defendant could not have accomplished the objectives of his fraudulent scheme. Plaintiff asserts that it can recover completely against the named defendants because their liability under the False Claims Act, as well as under the common law count for fraud and deceit, is joint and several. *See United States v. Globe Remodeling Co.*, 196 F.Supp. 652, 657 (D.C. Vermont 1961) and Prosser, The Law of Torts pp. 291–293 (Hornbook Series, Fourth Edition 1971).

We conclude that the "One Hundred John Does" defendants seek to join are not indispensable parties under Rule 19, Fed.R. Civ.P., because complete relief can be accorded the plaintiffs against the existing defendants.

Accordingly, it is the conclusion of the Court that defendants' motion to join "in-

dispensable parties" should be and the same is hereby denied.

SO ORDERED.