**UNITED STATES of America, ex rel., and Christopher DUVALL, Plaintiffs,**

v.

**SCOTT AVIATION, A DIVISION OF FIGGIE INTERNATIONAL, INC., Defendant.**

**No. CIV–88–903E.**

United States District Court, W.D. New York.

March 28, 1990.

**160**

David C. Laub, Buffalo, N.Y., and Peter M. Smith, Lakewood, Colo., for plaintiffs.

Earl K. Cantwell, Richard Cusick and Anthony J. Latona, Buffalo, N.Y., for defendant.

ELFVIN, District Judge.

Plaintiff Duvall filed this *qui tam* action pursuant to 31 U.S.C. § 3729 *et seq.*, the "Federal False Claims Act." He alleges that, sometime between the time of hiring on February 20, 1980 as a "Test Engineer" by the defendant and 1984, he discovered and disclosed to the defendant that the "EEBD"[1] being manufactured pursuant to the 1974 contract[2] could not provide the protection factor that the defendant was representing for it to the United States Navy. See Complaint at ¶ 11. In September 1984, the defendant was required to obtain National Institute for Occupational Safety and Health ("NIOSH") approval of the EEBD in order to allow the government's civilian employees to use the device at military installations in toxic environments. See Complaint at ¶ 13. Once again Duvall alleges that the defendant fraudulently represented the safety of this device, this time to NIOSH. See Complaint at ¶ 14. Thus, as this Court interprets the Complaint, he is alleging at least two violations of the Federal False Claims Act, one under the 1974 contract and a second based upon the alleged false representation to NIOSH. On April 12, 1985 Duvall resigned his position with the defendant, citing *inter alia* the latter's "failure to advise the end users of the [EEBD] of its inability to provide its intended protection factor of 133 by an order of magnitude; directing Plaintiff Duvall to withdraw and suppress those data which uncovered this deficiency * * *." See Complaint at ¶ 15. Presently, the defendant has moved this Court for summary judgment with respect to Du-

---

1. An EEBD, Emergency Escape Breathing Device, is a lightweight escape hood and life support apparatus designed to provide breathing protection in a semi-closed circuit for 15 minutes. The unit is completely disposable. (The Complaint refers to the device as BDEE.)

2. The 1974 contract, officially known as Contract No. N0024–74–C–05501, became effective on July 12, 1974. It accepted the defendant's "technical proposal" and called for the defendant to design, develop, test and deliver a limit-

ed number of EEBD units (c. 50) and repair parts at an original estimated cost of $126,561 and a fixed fee (profit) of $8,852. See Defendant's Memorandum of Law in Support of Motion for Summary Judgment, November 16, 1989 at p. 6. Duvall asserts that two other contracts exist—to wit, one in 1981 and another in 1986—pursuant to which EEBDs were manufactured. See Plaintiff's Opposition to Motion for Summary Judgment December 18, 1989 at p. 6.

vall's original cause of action.[3]

Summary judgment is appropriate only when it is clear that a case presents no genuine issue of material fact. Fed.R. Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). This Court may not resolve factual disputes upon a motion for such relief. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). Rather the moving party must be entitled to judgment as a matter of law. *Id.* at 251–252, 106 S.Ct. at 2511–12.

▮ The party seeking summary judgment thus bears the initial burden of demonstrating to the court the absence of a genuine issue of material fact by reference to the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any." Fed.R. Civ.P. 56(c); *Celotex Corp. v. Catrett, supra*, 477 U.S. at 322, 106 S.Ct. at 2552.

▮ The defendant asserts that the statute of limitations bars plaintiff's claims under the Federal False Claims Act. 31 U.S.C. § 3731 reads in pertinent part:

"(b) A civil action under section 3730 may not be brought—

(1) more than 6 years after the date on which the violation of section 3729 committed, or

(2) more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, but in no event or more than 10 years after the date on which the violation is committed."

The defendant contends that the period of limitations commences to run when an alleged "false" claim or request for payment is presented by a vendor to the United States for payment, or when there is an approval for payment by the government. *See United States v. Cherokee Implement Company*, 216 F.Supp. 374, 375 (N.D.Iowa 1963). Duvall however contends, and this Court agrees, that the time of payment by the United States government triggers the statute of limitations under the Act. *See Blusal Meats Inc. v. United States*, 638 F.Supp. 824, 829 (S.D.N.Y.1986); *United States v. Uzzell*, 648 F.Supp. 1362, 1366–68 (D.D.C.1986).

The defendant contends that all claims under the 1974 contract are time barred pursuant to the 10–year "drop dead" provision of the statute. It asserts that the last request for payment by the defendant to the Navy under the 1974 contract occurred February 23, 1977. See Affidavit of Shirlee R. Bowden sworn to November 16, 1989, at ¶ 12. However, the time of payment remains a mystery to this Court. Neither the defendant nor Duvall has informed this Court when the last payment under the 1974 contract occurred. It is the payment and not the request which triggers the statute.

▮ However, Duvall "does not object to deleting such reference [to the 1974 contract] as the 1981 and 1986 contracts are now known to be production contracts, however the remainder of the complaint should stand." Plaintiff's Opposition to Motion for Summary Judgment, December 18, 1989, at p. 5. As Duvall does not contravene the defendant's motion and has actually consented to it, the motion will be granted.

Accordingly, it is hereby ORDERED that the defendant's motion for summary judgment is granted as to claims arising out of the 1974 contract.

▮

---

**3.** On January 2, 1990 this Court granted leave for plaintiff to file an amended complaint with the provision that defendant's pending summary judgment motion would only apply to the original complaint.