UNITED STATES of America, Plaintiff,

v.

Leon GOLDBERG, Defendant.

Civ. A. No. 63–671.

United States District Court
D. Massachusetts.

Aug. 2, 1966.

---

3. There are certain exceptions not relevant here.

## MEMORANDUM

SWEENEY, District Judge.

The United States brought this suit in August 1963, under 31 U.S.C. §§ 231 and 232, to recover damages, penalties and interest from the defendant for allegedly making false Title I Loan Applications to Federal Housing Administration insured banks between December 1954 and September 1957. The banks allegedly accepted the applications, relying on the false statements, and advanced money to the defendant who defaulted. Between November 1957 and January 1959, the banks were reimbursed by the United States.

On February 23, 1960 the defendant was convicted upon his plea of guilty to an indictment charging him with submitting false Title I Loan Applications to FHA insured banks for the purpose of obtaining loans from them with the intent that the loans be offered to and accepted by the FHA for insurance.

Both parties move for summary judgment.

■■ The defendant's motion is based upon the applicable statute of limitations, 31 U.S.C. § 235, which provides: "Every such suit [for false claims] shall be commenced within six years from the commission of the act, and not afterward"; and the defendant argues that "the commission of the act" occurred when he made the false statements, not when he defaulted and the banks presented claims for payment to the FHA. Section 231, under which the United States sues, imposes liability on any person "who shall make or cause to be made, or present or cause to be presented, for payment or approval, * * * any claim * * * against the Government * * * knowing such claim to be false, fictitious, or fraudulent * * *." While the complaint does not use the language of this section of the statute, the essence of the cause of action is that the defendant caused a claim for payment to be presented to the United States and that act occurred when the defendant defaulted on the loans. This conclusion is reinforced

W. Arthur Garrity, Jr., U. S. Atty., Albert F. Cullen, Jr., Asst. U. S. Atty., Boston, Mass., for plaintiff.

Arthur E. Schoepfer, Boston Legal Aid Society, Boston, Mass., for defendant.

by the Supreme Court's holding in United States v. McNinch, 356 U.S. 595, 78 S.Ct. 950, 2 L.Ed.2d 1001 (1958) that until there has been a demand for money on the public treasury there is no claim within the scope of the False Claims Act. Consequently, I rule that the "act" from which the statute runs was the default, not the filing of false applications, and that the action is timely. United States v. Ueber Tool & Mfg. Co., 299 F.2d 310 (6th Cir. 1962); United States v. Globe Remodeling Company, 196 F.Supp. 652 (D.C.Vt.1961). United States v. Borin, 209 F.2d 145 (5th Cir. 1954), cert. den. 348 U.S. 821, 75 S.Ct. 33, 99 L.Ed. 647 (1954) and Woodbury v. United States, 232 F.Supp. 49 (D.C.Or.1964), cited by the defendant do not hold otherwise. The period of limitations was, in those cases also, computed from the date the false claim, i. e. demand for money, was presented to the United States for payment. Those cases differ only in that the defendant, himself, rather than, as in this case, an intermediary, the bank, presented the claim. See also Smith v. United States, 287 F.2d 299 (5th Cir. 1961).

The plaintiff moves for judgment on the issue of liability only on the ground that the prior guilty plea by this defendant in a criminal prosecution based on the same facts constitutes an estoppel as to those facts. Local 167 of International Brotherhood of Teamsters v. United States, 291 U.S. 293, 54 S.Ct. 396, 78 L.Ed. 804 (1934). The defendant does not dispute this proposition of law. Accordingly, the plaintiff's motion is allowed as to those counts of the complaint which allege facts previously alleged in the indictment and which, by the defendant's plea, are admitted; namely, Counts 1, 2, 5, 6, 7, 9, 13, 15, 16, 17, 19 through 25, 27, 28, and 31 through 36. The motion is denied as to the remaining counts which allege false applications to banks different from those given in the indictment or, in the case of Counts 8 and 10, on dates different from those in the indictment.

The defendant's motion for summary judgment is denied.