Virginia Bell JACKSON

v.

**IDEAL PUBLISHING CORPORATION,**
United News Company, and Holly-
wood Starlet, Inc.

**Civ. A. No. 39577.**

United States District Court
E. D. Pennsylvania.

Sept. 5, 1967.

As Amended Oct. 2, 1967.

Edward A. Rudley and Arsen Kashkashian, Jr., Philadelphia, Pa., for plaintiff.

Albert B. Gerber, Philadelphia, Pa., for defendants.

## OPINION AND ORDER

BODY, District Judge.

Defendants have filed a motion for summary judgment in this civil action for invasion of privacy and commercial exploitation instituted on January 19, 1966, by plaintiff, an entertainer in the burlesque field who claims that her photograph appeared without her permission in a bust development advertisement in "Movie Life" magazine.

Although the photograph in question was apparently printed in the February, March and April 1964 issues of "Movie Life", plaintiff alleged wrongdoing with regard to the February 1964 issue only. Uncontradicted affidavits filed by defendant have established that the February 1964 issue was placed on newsstands for distribution to the public between December 31, 1963 and January 9, 1964.

The issue presented by defendants' summary judgment motion is whether plaintiff's action is barred under Pennsylvania law by the applicable two year statute of limitations for invasion of privacy. That statute, contained in the Act of June 24, 1895, P.L. 236, Section 2, 12 Purdon's Statutes § 34, provides:

> "Every suit hereafter brought to recover damages for injury wrongfully done to the person, in case where the injury does not result in death, must be brought within two years from the time when the injury was done and not afterwards * * * *"

The parties agree that the aforesaid statute is applicable to the facts of this controversy. The narrow issue presented for our decision revolves about the time the alleged injury was done.

Plaintiff maintains that defendants have perpetrated upon her a continuing wrong by printing the same photograph in three successive monthly issues of "Movie Life" during the year 1964, and that the statute of limitations does not start to run until the cessation of the overt act constituting the wrong. Plaintiff contends that the injury was done, and consequently the statute began to run, when plaintiff personally learned about the publication of the advertisement containing her photograph.

Defendants, on the other hand, claim that the injury, if any, was done to plaintiff at the very latest when the February 1964 issue of "Movie Life" was placed on the newsstands for public distribution sometime between December 31, 1963 and January 9, 1964. Defendants emphasize the fact that plaintiff has sued only in respect to the February 1964 publication.

Since jurisdiction over the instant action is based exclusively on diversity of citizenship, this Court must determine what the Pennsylvania Appellate Courts would do if presented with the issue before us. Gerr v. Emerick, 283 F.2d 293 (3rd Cir. 1960).

In Hull v. Curtis Publishing Co., 182 Pa.Super. 86, 125 A.2d 644 (1956), the photographs of the plaintiffs, who were policemen, had appeared in a newspaper as a news item in connection with the pursuit and arrest of a robbery suspect. Some time later, defendant publishing company, without the consent of the plaintiffs, published the photographs in a magazine article having nothing to do with the photograph. More than three years after the publication of the magazine article, plaintiffs brought an action in trespass for violation of their right of privacy. The Court decided that an

invasion of privacy is an "injury wrongfully done to the person" and thus the two year statute of limitations applied and held that the action was time barred since more than two years had elapsed from the time distribution of the magazine article was completed.

██ We have concluded that plaintiff's instant cause of action is likewise barred by the two year statute of limitations. Her complaint was not filed until January 19, 1966. The two year limitation period had begun to run on January 9, 1964, which was the effective date of the magazine's distribution.[1] Thus the statute of limitations had run on January 9, 1966, ten days *before* the complaint was filed.

In the event we were to hold that plaintiff's claim regarding the February 1964 publication is barred by the statute of limitations, plaintiff orally moved at the time of argument for leave to amend her complaint to include the claims for invasion of privacy which relate to the March and April 1964 issues of "Movie Life" wherein the same photograph appeared.

██ Such amendment would have been allowed under F.R.Civ.P. 15 if plaintiff had requested it at a much earlier date. However, the two year statute of limitations, 12 Purd.Stat. § 34, ran as to those two additional issues sometime during February and March of 1966. Thus to permit plaintiff to amend as of the date of argument on defendants' summary judgment motion would be an allowance to amend around the statute of limitations.

██ Since the March and April issues are separate and distinct publications[2] and the claims based thereon do not relate back to plaintiff's original cause of action, such leave to amend the complaint will not be granted. Hartmann v. Time, Inc., 64 F.Supp. 671, 680 (E.D.Pa.1946), reversed on other grounds, 166 F.2d 127 (3rd Cir. 1948). See generally, Moore's Federal Practice, Second Edition, pp. 1015–1066.

### ORDER

And now, this fifth day of September, 1967, it is ordered that defendants' Motion for Summary Judgment be and the same is granted.

It is further ordered that plaintiff's oral motion for leave to amend her complaint is hereby denied and the complaint is dismissed with prejudice.

---

1. A similar result was recently reached by the court in Houston v. Florida-Georgia Television Co., Inc., 192 So.2d 540 (Dist. Ct. of Appeal of Fla., 1966) wherein it was held that the statute of limitation begins to run when the invasion was committed. The invasion there was the telecasting (i. e. publication) of pictures on a news program over defendant's television station.

2. The Uniform Single Publication Act, P.L. 1242, 12 Purdon's Statutes, § 2090.1 et seq. is relevant to statute of limitation issues. See Hull v. Curtis Publishing Co., 182 Pa.Super. 86, 125 A.2d 644 (1956); Mattox v. News Syndicate Co., 176 F.2d 897, 12 A.L.R.2d 988 (2d Cir. 1949).