UNITED STATES of America, Plaintiff,

v.

Donald J. CRIPPS and Cripps Building Company, Defendants.

Civ. No. 75–71319.

United States District Court, E. D. Michigan, S. D.

May 17, 1978.

---

J. Roger Edgar, Raymond E. Hopkins, Katherine S. Gruenheck, Civ. Div., U. S. Dept. of Justice, Washington, D. C., for plaintiff.

Stephen M. Wittenberg, Southfield, Mich., for defendants.

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO FILE FIRST AMENDED COMPLAINT

CORNELIA G. KENNEDY, Chief Judge.

The government began this case approximately three years ago by filing a complaint against John C. LeBar, LeBar Realty Service, Donald J. Cripps, Cripps Building Company, and John J. Zade. The complaint alleged that a conspiracy had existed among all of the defendants except Zade, the aim of which was to defraud the United States by submitting collusive bids for the completion, renovation, and modernization of homes which had been conveyed to the Secretary of Housing and Urban Development in consideration for payment of insur-

ance benefits to holders of defaulted mortgages which had been insured by the Federal Housing Administration (FHA).

In early 1971, a contract had been awarded by the FHA to LeBar and LeBar Realty to serve as the Area Management Broker (AMB) for all properties to be repaired within a specific area. Those defendants thereafter allegedly entered into an agreement with Cripps and Cripps Building Company whereby the former would disregard its duties as an AMB and allow the latter to prepare all bids on properties upon which construction work was to be done. This was allegedly done in such a way as to enable Cripps and Cripps Building Company to obtain all repair contracts at artificially inflated prices. Bids on many projects were submitted, contracts were awarded to Cripps Building Company, and claims on the contracts were thereafter paid by the FHA. The original complaint listed 47 properties in schedule A which allegedly had work done on them pursuant to the conspiracy.

After the case was filed, the government served a request for admissions upon Cripps and Cripps Building Company. It now seeks to amend its complaint contending that as a result of the answers to the request for admissions, additional repair contracts awarded to Cripps as a consequence of his preparation of false and collusive bids have been uncovered. In response to the plaintiff's request for admissions, Cripps allegedly admitted preparation of the bids, and the plaintiff has now moved to amend its complaint to include all overt acts of the conspiracy for which it seeks relief. The plaintiff's motion to amend the complaint seeks to (1) add the bids which Cripps admitted preparing as additional overt acts of the conspiracy, (2) delete counts VI–VIII of the original complaint,[1] and (3) make non-substantive changes of language in the remaining counts. In the original complaint, 47 overt acts were listed in schedule A; the schedule A attached to the amended complaint contains 71 overt acts, of which 29

---

1. All defendants other than Cripps and Cripps Building Company have been dismissed from this case, and counts VI–VIII pertained only to those other defendants.

were included in the original complaint and 42 would be new additions.

The defendants object to the motion to amend on the grounds that (1) the government has been dilatory in seeking to amend so long after the information upon which the amendment has been based became available and (2) many of the overt acts which the government is now attempting to add are barred by the applicable statute of limitations. Although this court believes that the fact that the government became aware of the additional bids, which it now seeks to add, only upon the defendants' filing their responses to the government's requests for admissions renders the defendants' "dilatoriness" objection invalid, their objection based upon the running of the statute of limitations has merit with respect to the overt acts to which it applies.

■ The only date provided in the amended schedule A attached to the amended complaint, is the "date vouchered by HUD." It is unclear what the government means by that heading, but it is clear that the statute of limitations period began to run on the date that each voucher was presented to HUD for payment. *United States v. Ueber,* 299 F.2d 310 (6th Cir. 1962). Therefore, as to each repair contract, the voucher for which was presented to HUD prior to February 27, 1972, the statute of limitations[2] has run unless the amended complaint relates back to the filing of the original complaint. From the amended schedule A, it is not possible to tell which vouchers would be excluded if the amendment were held not to relate back.

Whether an amendment to a pleading relates back to the filing of the original pleading depends upon whether "the claim . . . asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading . . . ." Fed.R.Civ.P. 15(c). This court has been unable to find a case which deals with the precise situation presented by the facts of this case, and neither party has cited one. The case relied upon by the government, *Hagemen v. Signal L. P. Gas, Inc.,* 486 F.2d 479 (6th Cir. 1973), which dealt with the question of whether the addition of a claim for conscious pain and suffering would relate back to the time at which a wrongful death action arising out of the same accident had been brought, is inapposite.

There are a number of analogous cases, however, and in each the respective court has held that the amendment did not relate back. In *Jackson v. Ideal Publishing Corp.,* 274 F.Supp. 318 (E.D.Pa.1967), the court was faced with a case for invasion of privacy brought by a burlesque dancer who claimed that her photograph in a bust development advertisement had appeared in a particular issue of the defendant's magazine without her permission. The case was filed more than two years after publication of that issue of the magazine, and the defendant moved to dismiss on the basis of a two-year statute of limitations. In response, the plaintiff sought to amend her complaint to include two later publications of the advertisement which had appeared less than two years prior to the filing of the original complaint but more than two years prior to the filing of the motion to amend. The court held that the later publications gave rise to separate and distinct causes of action, and therefore, the amendment would not relate back. *Id.* at 320; *accord Hartmann v. Time, Inc.,* 64 F.Supp. 671, 680 (E.D.Pa.1946). Other courts faced with proposed amendments to complaints which would have added equally related (or unrelated) claims have similarly held that they would not relate back. *See, e. g., Illinois Tool Works, Inc. v. Foster Grant Co.,* 395 F.Supp. 234 (N.D.Ill.1974), *aff'd,* 547 F.2d 1300 (7th Cir. 1976) (addition of infringement claim re second patent on same product would not relate back); *Kilduff v. United States,* 248 F.Supp. 310 (E.D.Va.1961) (addition of later failures to inform plain-

---

**2.** The False Claims Act contains its own limitations provision: "Every such suit shall be commenced within six years from the commission of the act, and not afterward." 31 U.S.C. § 235.

tiff of results of medical exams would not relate back); *United States v. Templeton,* 199 F.Supp. 179 (E.D.Tenn.1961).

▮ An examination of the literal language of the False Claims Act, 31 U.S.C. § 231, supports the conclusion that the new violations to be added do not relate back to the time of filing of the original complaint. The Act states that

> [a]ny person . . . who enters into any agreement, combination, or conspiracy to defraud the Government of the United States . . . by obtaining . . . the payment or allowance of any false or fraudulent claim . . . shall forfeit and pay to the United States the sum of $2,000, and, in addition, double the amount of damages which the United States may have sustained by reason of . . . such act . . . .

*Id.*

A separate clause of the same section provides that a

> person . . . who shall make or cause to be made, or present or cause to be presented, for payment or approval, to or by any person . . . in the civil . . . service of the United States, any claim . . . knowing such claim to be false, fictitious or fraudulent, or who, for the purpose of obtaining or aiding to obtain the payment or approval of such claim, makes, uses, or causes to be made or used, any false bill, receipt, voucher, roll, account, [or] claim, . . knowing the same to contain any fraudulent or fictitious statement or entry . . shall forfeit and pay to the United States the sum of $2,000 [plus double damages] . . . .

*Id.*

The clear significance of the two separable provisions for liability is that they are intended to cover two separate wrongs, one, a conspiracy to defraud and the other, actual conduct which attempts to defraud or succeeds in defrauding the United States. It is clear that each separate act of fraud would be separately punishable, *United States v. Ueber,* 299 F.2d at 313–14, and the statute of limitations would begin to run separately as to each act. There is no logical reason to eviscerate the statute of limitations when a conspiracy is involved by allowing the government to bring a case and after the limitations period would otherwise have expired, amend the complaint and allow the additional acts of fraud, which the amendment seeks to add, to relate back to the filing of the original complaint. *Cf. United States v. Davis,* 533 F.2d 921 (5th Cir. 1976). If an overt act for which the government seeks to hold the defendant liable for double damages is to be added, the motion to amend the complaint must be filed before the statute of limitations has run as to that specific act. The addition of an overt act gives rise to a separate cause of action and does not relate back to the time of filing of the original complaint.

As this court stated earlier, the amended schedule A does not show the date on which the vouchers were presented to HUD for payment, and it is upon that date that the statute of limitations began to run. *United States v. Ueber,* 299 F.2d at 313. This court will allow the government to amend its complaint to incorporate the amended schedule A, but it holds that the overt acts included in the amended schedule A and not on the original schedule A do not relate back to the filing of the original complaint. Since raising the statute of limitations is an affirmative defense, Fed.R.Civ.P. 8(c), the court will strike those added claims for which the defendants can show the vouchers were submitted prior to February 27, 1972. The defendants have not opposed the other requested amendments, and they are granted. The amended complaint is to be filed within 30 days of the date of this order.

IT IS SO ORDERED.