**UNITED STATES of America, Plaintiff,**

v.

**STILLWATER COMMUNITY BANK, Kenneth R. Andrew and James N. Hubbard, Defendants.**

**No. CIV 86–0278–R.**

United States District Court, W.D. Oklahoma.

June 5, 1986.

William S. Price, U.S. Atty., and Steven K. Mullins, Asst. U.S. Atty., Oklahoma City, Okl., Michael F. Hertz, Stephen D. Altman and Theresa Barnes-Pirko Attys., Civ. Div., Dept. of Justice, Washington, D.C., for plaintiff.

James N. Hubbard, pro se.

Thomas P. Nally, S.M. Fallis, Jr. and George P. Nelson, Nichols, Wolfe, Stamper, Nally & Fallis, Inc. Tulsa, Okl., Clyde A. Muchmore and Candace M. Williams,

Crowe & Dunlevy, Oklahoma City, Okl., for defendants.

## ORDER

DAVID L. RUSSELL, District Judge.

Defendant Kenneth R. Andrew has filed a Motion to Dismiss asserting that the statute of limitations, 31 U.S.C. § 3731, bars the Plaintiff's action. Both Defendant Andrew and the Government have submitted documents in support of their positions, therefore, the Court will treat the motion as one for summary judgment. Rule 12(b), Fed.R.Civ.P.

The Complaint alleges that Defendant Andrew made false statements in connection with the application of Racquet Time, Inc., (RTI) for loan guarantees from Farmers Home Administration (FmHA). The Plaintiff's action is brought pursuant to 31 U.S.C. §§ 3729–3731, commonly known as the False Claims Act. The parties do not dispute that suit must be brought within six (6) years "from the date the violation is committed." § 3731. They do, however, disagree on which act triggers the running of the statute.

The Defendant focuses on two events, both of which occurred more than six years prior to the filing of this action. The first event is RTI's default on the guaranteed loans. In support of his position, Defendant Andrew relies upon *United States v. Goldberg*, 256 F.Supp. 540 (D.Mass.1966). In *Goldberg*, the court held that the defendant/borrower's default was the triggering act rather than the making of false statements at the time the loan was obtained, and, therefore, the action was timely brought.[1] This Court has not found any other cases in which this holding was repeated, nor are any cited by Defendant Andrew.

The majority of cases hold that the presentation of the claim to the United States is the act which triggers the statute. *United*-

*ed States v. Ekelman & Associates, Inc.*, 532 F.2d 545 (6th Cir.1976); *Smith v. United States*, 287 F.2d 299 (5th Cir.1961); *United States v. Cripps*, 451 F.Supp. 598 (E.D.Mich.1978); *Woodburg v. United States*, 232 F.Supp. 49 (D.Or.1964), aff'd. in part, rev'd. in part on other grounds, 359 F.2d 370 (9th Cir.1966); *United States v. Globe Remodeling Co.*, 196 F.Supp. 652 (D.Vt.1961).

After careful consideration of the Defendant's argument, the Court is nevertheless persuaded that RTI's default on the guaranteed loan did *not* trigger the limitations period.

The second event which the Defendant urges triggered the statute was the lender's letter to FmHA notifying it that the lender would not repurchase the loans from the mortgage holder and requesting FmHA to repurchase the loans pursuant to the guarantee agreement.[2]

Paragraph 8 of the Loan Note Guarantee, entitled *FmHA Purchase*, states in pertinent part:

If Lender does not repurchase as provided by paragraph 7 hereof, FmHA will purchase from Holder the unpaid principal balance of the guaranteed portion together with accrued interest (including any loan subsidy) to date of repurchase, less Lender's servicing fee, within thirty (30) days after written demand from Holder.

It is clear that the Guarantee requires the Holder to demand repurchase by FmHA, therefore, the Court finds the second event urged by Defendant Andrew also failed to trigger the statute.

The documents submitted to the Court reveal that the holder demanded repurchase by letter dated February 5, 1980. This action was filed February 4, 1986.

The Court finds this action was timely filed and denies Defendant Andrew's Mo-

1. It should be noted that the *Goldberg* court was not faced with a "default" versus "demand" (i.e. presentation of the claim) issue.

2. University Bank of Stillwater, Oklahoma, as lender, sold RTI's loans to Guaranty Bank & Trust, which became the holder.

tion to Dismiss which was treated by the Court as a Motion for Summary Judgment.