Donda R. MORGAN, Gregory L. Morgan, Plaintiffs,

v.

HUSTLER MAGAZINE, INC., Flynt Distributing Company, Inc., Larry C. Flynt, Defendants.

No. C85–476.

United States District Court, N.D. Ohio, E.D.

Feb. 10, 1987.

Peter J. Krembs, Thomas P. Marotta, Gruber, Moriarty, Fricke & Jaros, Cleveland, Ohio, for plaintiffs.

Alan M. Petrov, Mark B. Smith, Gallagher, Sharp, Fulton & Norman, Cleveland, Ohio, for defendants.

## MEMORANDUM OF OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

KRENZLER, District Judge.

The plaintiffs filed the present case in the Court of Common Pleas of Cuyahoga County, Ohio. The case was removed to this Court on the basis of diversity. The plaintiffs' complaint is in three counts and alleges, in substance, the following.

Count One alleges that the plaintiff Donda R. Morgan was engaged in the career of fashion modeling for the period 1970 through 1981. That on or about January 1973, she posed for a professional fashion model photographer in connection with her career as a fashion model. That on or about December 1975, the defendants printed and published a photograph of her on the front cover of *Hustler* magazine, Volume 2, No. 6, dated December 1975.

She further alleges that *Hustler* magazine is distributed worldwide and that it contains hard core pictorial and editorial pornography. She further alleges that the prominent display of her on the front cover of *Hustler* magazine implies that she agrees with and supports the base and tawdry views expressed by the magazine. She alleges that she strongly and sharply disagrees with the views expressed by *Hustler* magazine. The plaintiff Donda R. Morgan further alleges that the defendants knew, or should have known, that she did not want her photograph published in *Hustler* magazine.

She alleges that she first became aware of the publication in January 1984. She alleges that as a direct and proximate result of the photograph being published, she has been caused to suffer extreme humiliation, embarrassment, public ridicule and se-

vere mental pain and anguish of a nature no reasonable person could be expected to endure.

In Count Two, plaintiff Donda R. Morgan incorporates, by reference, all of the allegations contained in Count One and, additionally, alleges that the defendants' conduct in their unauthorized publication and distribution of her photograph on the cover of *Hustler* magazine constituted an invasion of her right of privacy. Plaintiff contends that the defendants' conduct placed her in a false light in the eyes of the public, her friends and relatives, and has thus injured her personal esteem, has reflected disgracefully on her character, has destroyed her peace of mind, and has caused her severe mental and emotional anguish.

Count Three is brought by Gregory L. Morgan, who incorporates, by reference, all of the allegations of Counts One and Two and, in addition, alleges that the unauthorized use, publication and distribution by the defendants of the photograph of plaintiff Gregory L. Morgan's wife has and will continue to cause him to be greatly distressed and humiliated, to suffer great mental anxiety and emotional stress and to be exposed to public ridicule and contempt. He further alleges that the publication and distribution constitutes an invasion of his right to privacy, has reflected disgracefully on his character and has caused great injury to his reputation in the business community.

He further alleges that because of the publication, distribution and use of his wife's picture on the front cover of *Hustler* magazine by the defendants, which directly resulted in an injury to his wife, he has been deprived of his wife's services: she is now unable to perform her duties in the home in the same manner as before the injury she suffered. As a direct result, plaintiff contends he has been deprived of the society, companionship and assistance of his wife, all to his damage.

The plaintiffs pray for compensatory damages, punitive damages, interest, costs, attorney fees and such equitable and other relief as the Court deems appropriate.

The defendants filed an answer in the form of a general denial, together with a large number of affirmative defenses, including the statute of limitations, laches, waiver, estoppel, release, assumption of risk, contributory negligence, lack of personal jurisdiction, First Amendment protections, consent and failure to state a claim.

In summary, plaintiff Donda R. Morgan has filed her complaint in two counts: Count One alleges a libel/defamation-of-character action and Count Two alleges invasion-of-privacy/false-light cause of action. The plaintiff Gregory L. Morgan's one-count complaint is derivative of his wife's cause of action and encompasses defamation, invasion of privacy and loss of consortium.

It is noted that there is some general reference in Count One to emotional distress which the plaintiffs contend is an independent cause of action for intentional infliction of emotional distress. This will be discussed later in this Order.

The defendants filed a motion for summary judgment together with evidentiary material. The plaintiffs filed a brief in opposition to the defendants' motion for summary judgment together with evidentiary material, and the defendants filed a reply to the plaintiffs' brief in opposition, together with some evidentiary material.

The bases of the defendants' motion for summary judgment are as follows.

## 1. STATUTE OF LIMITATIONS

The defendants contend that the publication of plaintiff Donda R. Morgan's picture was in the December 1975 issue of *Hustler* magazine, and that the complaint was filed on January 15, 1985, some nine years after the publication. The defendants contend that the essence of Counts One and Two of the complaint are libel and invasion of privacy. Ohio Rev.Code Ann. § 2305.11(A) provides that an action for libel shall be brought within one year after the cause of action accrues. Ohio Rev.Code Ann. § 2305.09(D) provides that an invasion-of-privacy action must be brought within four

years after the cause of action accrued. The defendants contend, therefore, that the causes of action for libel and invasion of privacy are not timely filed because they are barred by the statute of limitations.

## 2. RELEASE

The defendants contend that the plaintiff Donda R. Morgan executed a release covering the subject photograph. It is further contended that this release was given to the photographer and that the release is clear and unambiguous. Therefore, defendants argue the release should be enforced and the plaintiffs cannot maintain the actions for libel and invasion of privacy. In support of their position, the defendants cite *Aetna Casualty and Surety Co. v. Jackowe*, 96 A.D.2d 37, 468 N.Y.S.2d 153 (1983); *Shields v. Gross*, 58 N.Y.2d 338, 461 N.Y.S.2d 254, 448 N.E.2d 108 (1983); and *Sharman v. C. Schmidt & Sons, Inc.*, 216 F.Supp. 401 (E.D.Pa.1963).

## 3. INVASION OF PRIVACY/FALSE LIGHT

The plaintiffs contend that Count Two of the complaint alleges that Donda R. Morgan was placed in a "false light" by virtue of having her photograph in *Hustler* magazine. It is the defendants' contention that Ohio has not adopted a cause of action for invasion of privacy under a false-light theory of recovery. *Yeager v. Local Union 20,* 6 Ohio St.3d 369, 453 N.E.2d 666 (1983). *Also see Rinehart v. Toledo Blade Co.,* 21 Ohio App.3d 274, 487 N.E.2d 920 (1985).

## 4. GREGORY L. MORGAN'S COMPLAINT

The defendants contend that Gregory L. Morgan cannot maintain an action for defamation or invasion of privacy based on the alleged defamation or invasion of privacy of his wife. The defendants contend that defamation and invasion-of-privacy actions are personal rights and cannot be asserted by a third party. *Young v. That Was The Week That Was,* 312 F.Supp. 1337 (N.D.

Ohio 1969), *aff'd,* 423 F.2d 265 (6th Cir. 1970).

## 5. OTHER ISSUES

In addition to these defenses, the defendant Flynt Distributing Company, Inc. claims that it was not involved in the production or distribution of the December 1975 issue of *Hustler* magazine because Flynt Distributing Company, Inc. was not formed until 1976.

Further, the defendants contend that the plaintiff Donda R. Morgan cannot maintain this action because she is a public figure and therefore must demonstrate actual malice on the part of the defendants, and this cannot be done.

Last, defendants contend that plaintiffs cannot establish a claim for defamation and/or invasion of privacy because they cannot prove falsification of fact.

In response to the defendants' motion for summary judgment, the plaintiffs have filed a brief in opposition together with evidentiary material. The bases of the plaintiffs' opposition are as follows.

## 1. STATUTE OF LIMITATIONS

It is the plaintiffs' contention that the defendants' statute of limitations argument is not valid. The plaintiffs concede that the statute of limitations for libel is one year, Ohio Rev.Code Ann. § 2305.11(A), and that the statute of limitations for invasion of privacy, Ohio Rev.Code Ann. § 2305.09(D), provides for a four-year statute of limitations. The plaintiffs argue, however, that the statute of limitations for intentional infliction of emotional distress is four years, and that by analogy a libel claim arising from a publication, like invasion of privacy, should be subject to a four-year statute of limitations.

Furthermore, the plaintiffs contend that the discovery rule should apply in situations like the instant case. Thus, according to plaintiffs, the cause of action for libel and invasion of privacy did not accrue until the plaintiffs were aware and discovered

the picture on the cover of *Hustler* magazine.

The plaintiffs concede that Ohio has not yet addressed the issue of whether an action for invasion of privacy or intentional infliction of emotional distress grounded upon a mass media publication accrues at the time of publication or at the time of discovery. The plaintiffs cite *Brown v. American Broadcasting Co., Inc.,* 704 F.2d 1296 (4th Cir.1983). The court in that case noted that the cause of action did not accrue until the plaintiff's discovery of the publication since the elements of embarrassment and emotional distress were absent until the plaintiff became aware of the broadcast. By analogy, the plaintiffs contend that until they became aware of the publication, the essential elements did not exist and therefore the cause of action could not exist.

The plaintiffs contend that there should be a discovery rule in cases such as this in order to avoid the manifest unfairness to plaintiffs who, through no lack of diligence of their own, may be foreclosed from a remedy merely because they failed to monitor each of the hundreds of thousands of mass media publications and broadcasts made each month.

The plaintiffs then go on to analogize that Ohio courts have adopted a modified discovery rule in certain medical malpractice cases, citing *Oliver v. Kaiser Community Health Foundation,* 5 Ohio St.3d 111, 114, 449 N.E.2d 438, 441 (1983); *Skidmore & Hall v. Rottman,* 5 Ohio St.3d 210, 211, 450 N.E.2d 684, 684 (1983); *O'Stricker v. Jim Walter Corp.,* 4 Ohio St.3d 84, 447 N.E.2d 727 (1983).

### 2. RELEASE

The plaintiffs concede that a release was executed. However, they contend that the release that was executed in the present case did not permit or authorize using the plaintiff's picture on the cover of *Hustler* magazine, and that there is a material issue of fact as to the intent of the parties in regard to the release. Therefore, they ar-

gue, summary judgment should not be granted on that issue.

It is noted that the plaintiff Donda R. Morgan alleges that before she executed the release, she struck the words "or distorted in character or form" from the provisions of the release. The plaintiffs contend that since the terms of the release may be ambiguous, there is a material issue of fact because it will be necessary to have parole evidence to decide what the parties intended when the release was signed.

### 3. INVASION OF PRIVACY/FALSE LIGHT

The plaintiffs concede that the Ohio Supreme Court has neither expressly adopted nor rejected the "false-light" theory of recovery. However, they note that federal courts must act as they believe the state's highest court would act, given a similar case. *Mathis v. Eli Lilly and Company,* 719 F.2d 134, 141 (6th Cir.1983); *Clutter v. Johns-Manville Sales Corp.,* 646 F.2d 1151, 1153 (6th Cir.1981). It is the plaintiffs' contention that the Ohio courts would adopt the false-light theory in the appropriate case. Inasmuch as it is their view that this is such an appropriate case, they argue this Court should adopt the false-light theory.

In addition, as to the other three defenses, the plaintiff Donda R. Morgan contends that she is not a public figure and does not have to prove actual malice. The plaintiffs also contend that there is a genuine issue of material fact as to whether the publication is false, and therefore the motion for summary judgment should be overruled as to that issue.

The plaintiffs did not discuss the defendants' arguments in regard to the liability of Flynt Distributing Company, Inc., nor the defense that the plaintiff Gregory L. Morgan cannot maintain a libel or invasion-of-privacy action because of the publication of his wife's picture in *Hustler* magazine.

The defendants filed a reply brief in response to the plaintiffs' opposition brief to the defendants' motion for summary judg-

ment. In the defendants' reply brief, the following arguments were raised.

## 1. STATUTE OF LIMITATIONS—DISCOVERY RULE

The defendants point out that Ohio has not adopted a discovery rule in libel or invasion-of-privacy cases. The limited number of cases in which the discovery rule has been applied involved "hidden injuries" where a plaintiff might not reasonably be expected to discover the injury within a traditional statute of limitations period. It is the defendants' contention that there is a distinction between cases based on mass media publication and hidden injuries involving medical malpractice. *McGuiness v. Motor Trend Magazine,* 129 Cal.App.3d 59, 180 Cal.Rptr. 784 (1982); *Jackson v. Ideal Publishing Corp.,* 274 F.Supp. 318 (E.D.Pa.1967); *Wildmon v. Hustler Magazine, Inc.,* 508 F.Supp. 87 (N.D.Miss.1980).

## 2. RELEASE—PAROLE EVIDENCE

The defendants contend that the release in the present case is clear and unambiguous in its terms and therefore parole evidence should not be used. The defendants also note that since the plaintiff had stricken certain language from the release, had she wished to limit the use of her photograph to formats or magazines of which she approved, she could have noted that on the Model Release. The defendants conclude that since the release and consent are clear and unambiguous, there is no material issue of fact and it is a question for the Court and not for the jury.

## 3. ACTUAL MALICE STANDARD—PUBLIC FIGURE

The defendants disagree with the plaintiffs and contend that the plaintiff Donda R. Morgan is a public figure and that the actual malice standard would apply.

## 4. FALSIFICATION OF FACT

The defendants contend that they are entitled to summary judgment on the basis that there is no genuine issue of material fact as to whether the publication in question was "false." The defendants contend that there is nothing untrue about the defendants' use of the plaintiff's photograph, which had not been retouched. According to the defendants' argument, the use of a photograph, which has not been retouched, does not constitute a false statement of fact about the subject of that photograph. Thus, the plaintiffs cannot establish a defamation or invasion-of-privacy claim because they cannot prove falsification of fact.

## 5. INVASION OF PRIVACY—FALSE LIGHT

In the reply brief, the defendants reassert all of their arguments to the effect that Ohio has not yet adopted the invasion-of-privacy/false-light theory.

This Court will now make its decision on the various issues raised in the defendants' motion for summary judgment and the responses by the plaintiffs.

## STATUTE OF LIMITATIONS

The statute of limitations for libel in Ohio is one year, Ohio Rev.Code Ann. § 2305.11(A), and the statute of limitations for invasion of privacy is four years, Ohio Rev.Code Ann. § 2305.09(D). The plaintiff Donda R. Morgan's picture was on the cover of *Hustler* magazine in its December 1975 issue. The present case was filed on January 15, 1985. Unless a discovery rule is adopted in Ohio for libel actions or invasion-of-privacy actions, the plaintiffs' complaint would not be timely filed because it was filed after the statute of limitations had run.

It is clear and undisputed that the Ohio Legislature has not expressly adopted a discovery rule, limited or otherwise, for libel or invasion-of-privacy cases. Ohio has adopted a limited discovery rule in certain medical malpractice cases. *See O'Stricker v. Jim Walter Corp.,* 4 Ohio St.3d 84, 447 N.E.2d 727 (1983); Ohio Rev.Code Ann. § 2305.11(B).

In the present case, the publication at issue occurred in December of 1975. The

plaintiff alleges that she did not become aware of the publication of her picture on the cover of *Hustler* magazine until 1984. The question to be resolved is whether the cause of action for libel and/or invasion of privacy accrued at the time of the publication and distribution or when the plaintiff Donda R. Morgan became aware of the picture.

It has been held that a cause of action for libel when there is a publication in a national magazine accrues on the date of publication. This is known as the single publication rule. *See Guccione v. Hustler Magazine,* 64 Ohio Misc. 59, 413 N.E.2d 860 (Franklin Co. 1978); Restatement (Second) of Torts § 577A.

■ Because the gravamen of the offense of libel is the impact of the picture on the plaintiff's reputation and not necessarily the knowledge by the plaintiff of the publication of the picture, the cause of action accrues in a libel/defamation action as soon as the first publication is made and distributed. Thus, where a defamation action is based on a widely circulated publication, the cause of action accrues at the time of the publication and general circulation of the magazine. The plaintiff's knowledge or lack of knowledge of the publication is irrelevant for libel purposes.

■ The plaintiff Donda R. Morgan also contends that because there are many reserved copies of the magazine, the cause of action does not accrue until the last copy is sold. Under the single publication rule, an entire edition of newspapers, magazines or books are treated as only one publication and the cause of action in regard to that publication accrues on the date of the original publication and distribution. *See Guccione v. Hustler Magazine, supra.*

The next question to be answered is whether the single publication rule will also apply to the invasion-of-privacy claim. Inasmuch as the invasion-of-privacy claim arose out of the publication of the picture on the cover of *Hustler* magazine, it logically follows that the accrual date for the cause of action would be the same as that in a cause of action for libel. Thus, even though the causes of action for libel and invasion of privacy are different, for the purposes of the single publication rule, these causes of action accrue at the same time.

■ The Court, therefore, concludes that the cause of action as to any tort founded upon a single publication accrues on the date of the original publication and distribution. In the present case, plaintiffs' cause of action for both libel and invasion of privacy accrued on the date the magazine was published and first distributed.

■ Inasmuch as the Ohio Legislature has not expressly adopted a discovery rule in libel and/or invasion of privacy cases and because of the single publication rule, the cause of action as to the plaintiff in her libel and invasion-of-privacy claims accrued in December 1975. Therefore, this Court concludes the present case is not timely filed.

## PLAINTIFF'S CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The plaintiff Donda R. Morgan also contends that she has brought an independent action for intentional infliction of emotional distress, and that this cause of action did not accrue until the first time she was aware of the picture. The tort of intentional infliction of emotional distress is a new and recognized theory of a tort action. *See Yeager v. Local Union 20, supra* (recognizing validity of cause of action for intentional infliction of emotional distress).

■ In the present case, the plaintiff has only filed two claims in her complaint. The first is for libel/defamation of character in Count One. In Count Two, she raises a second claim of invasion of privacy/false light. While there are references in her complaint to emotional distress, they are in the form of allegations of damages for emotional distress caused by libel and/or invasion of privacy and not in the form of an independent action for intentional infliction of emotional distress. If a party

wants to bring an action for intentional infliction of emotional distress, it must be cited as a separate and independent count in a complaint and not by mere reference to emotional distress in a count such as for libel and/or invasion of privacy.

■ Even if the plaintiff had alleged an independent cause of action for intentional infliction of emotional distress, the present action would not be timely filed. It is recognized that generally a cause of action for intentional infliction of emotional distress accrues when the defendant's alleged conduct has an affect on the plaintiff or when the plaintiff becomes aware of the conduct. The plaintiff in the present case alleges that this could not happen until she knew about and saw the picture on the cover of *Hustler* magazine.

■ However, the reasons stated in the discussion above concerning the application of the single publication rule to libel and invasion of privacy also apply to causes of action for intentional infliction of emotional distress. In other words, whenever there is a publication in a national magazine or in a magazine or newspaper of general circulation, the cause of action accrues on the date of publication and distribution, whether it be a libel, invasion of privacy or intentional infliction of emotional distress claim. This may be considered an exception to the general rule in regard to the statute of limitations concerning intentional infliction of emotional distress, but it is a fair and reasonable rule under all the facts and circumstances.

Accordingly, the Court dismisses, with prejudice, plaintiff Donda R. Morgan's claim for intentional infliction of emotional distress because she has not properly alleged an independent cause of action for intentional infliction of emotional distress. Furthermore, even if plaintiff had properly alleged an independent cause of action for intentional infliction of emotional distress, summary judgment would have been appropriate in this case: applying the single publication rule to the instant case, plaintiff's cause of action for intentional infliction of emotional distress, like plaintiff's

causes of action for libel and invasion of privacy, accrued when the magazine was published and distributed and not when the plaintiff became aware of the publication.

### RELEASE OF DONDA R. MORGAN

■ It is the view of this Court that the release signed by the plaintiff Donda R. Morgan was clear and unambiguous and, therefore, summary judgment as to that issue is proper. If the release was ambiguous, there would be a material issue of fact and parole evidence could be admitted at trial to explain the understandings of the photographer and Donda R. Morgan. But that does not apply in the present case because the release is clear and unambiguous.

In addition, the plaintiff Donda R. Morgan excised certain language from the printed form of the release in regard to distortions. If she had wanted to or had intended to exclude the use of her pictures from a magazine such as *Hustler*, she could have included this language in the release.

It is recognized that young and impressionable people who want to go into modeling are often eager, ambitious and anxious and will sign a release without any thought to the future. At a subsequent period of time, there are often changed circumstances. Thus, when the models' pictures are used, they may not be happy about *how* their pictures are used. Twenty-twenty hindsight comes into play. The obvious answer is either do not sign a release or, if you do sign a release, make sure that you add or delete any language that you deem appropriate or inappropriate before you sign the release.

In the present case, the release is clear and unambiguous. This Court concludes that the release permitted the plaintiff's picture to be used on the cover of *Hustler* magazine, and that the release is a good and valid defense in the present action.

### INVASION OF PRIVACY/FALSE LIGHT

To date, Ohio has not officially adopted the invasion-of-privacy/false-light theory. In a few reported cases, however, Ohio

courts have indicated that they would consider adopting the invasion-of-privacy/false-light theory in the appropriate case. *See, e.g., Yeager v. Local Union 20,* 6 Ohio St.3d at 372, 453 N.E.2d at 670.

When a federal court has an undecided issue before it involving state law, it should act as the state courts would act. It is the view of this Court that the invasion-of-privacy/false-light theory is a sound and legitimate legal theory, and if Ohio courts had before it the appropriate case, it would adopt the theory. If summary judgment for the defendants was not appropriate on other grounds, and if this Court had before it a timely invasion-of-privacy/false-light theory case, it would conclude that the invasion-of-privacy/false-light theory was appropriate for use in Ohio.

## FLYNT DISTRIBUTING COMPANY, INC.

Based on all of the evidentiary material submitted, the Flynt Distributing Company, Inc. was not involved in the production or distribution of the December 1975 issue of *Hustler* magazine. Therefore, the motion for summary judgment as to Flynt Distributing Company, Inc. is appropriate.

## PUBLIC FIGURE

There are material issues of fact as to whether Donda R. Morgan is a public figure and, therefore, the motion for summary judgment as to that issue is denied.

## FALSIFICATION OF FACT

Because there are material issues of fact, the defendants' motion for summary judgment as to this issue is overruled.

## GREGORY L. MORGAN'S CLAIMS

Gregory L. Morgan, who is the husband of the plaintiff Donda R. Morgan, cannot recover on his claims for defamation or invasion of privacy based on the alleged defamation or invasion of privacy of his wife. Defamation and invasion-of-privacy actions are personal rights and cannot be asserted by a third party. *Young v. That*

*Was The Week That Was, supra.* Because plaintiff Gregory L. Morgan has not asserted proper claims for defamation or invasion of privacy, and since his loss-of-consortium claim is a derivative claim, defendants are entitled to summary judgment on Gregory L. Morgan's claims.

For the reasons provided above, the Court grants the defendants' motion for summary judgment.

IT IS SO ORDERED.