OPINION
{¶ 1} Plaintiff-appellant, James Singh, appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee ABA Publishing/American Bar Association ("ABA"), in his claim for defamation and other related causes of action. For the reasons stated below, we affirm the judgment of the trial court.
 {¶ 2} On August 31, 2001, Singh initiated his action against the ABA alleging "defamation, invasion of privacy, conspiracy to defame, conspiracy to invade Plaintiff's privacy, and tortious interference with Plaintiff's prospective business and professional relations, or * * * any legal theory under which Court can grant relief." Appellant's action derived from the publication in the September 2000 edition of the ABA Journal of an article entitled "Plague in the Profession," which addressed the issue of sexual harassment in law schools and in the legal profession. Appellant specifically objected to the following paragraphs:
 {¶ 3} "That was the crux of a case at Capital University Law School in Columbus, Ohio. According to documents detailing the school's disciplinary investigation, James Singh asked a woman out several times and told her he loved her. After she made it clear she did not want contact with him, he continued to send cards, follow her and stare at her during class, the documents allege. The behavior continued even after faculty members talked to him.
 {¶ 4} "The school found that Singh violated the university's sexual harassment policy by making unwelcome advances and creating an intimidating or hostile environment for learning. He was barred from the law school for three years, though he was given a chance to attend classes to finish the four credit hours he needed to finish his degree.
 {¶ 5} "Singh, who has not yet completed his degree requirements, responded by filing at least eight lawsuits against the school and individuals connected to the case. Most of the cases were dismissed, but appeals and requests for new hearings have kept Capital in litigation since 1997. School authorities, as well as the victim, declined to discuss the case. Singh did not return phone calls."
 {¶ 6} In its decision sustaining the ABA's motion for summary judgment, the trial court determined that the one-year statute of limitations governing actions for defamation had tolled by the time appellant filed his cause of action. Finding that the statute begins to run at the time the allegedly defamatory words are first published, the court held that, because the ABA Journal containing the article in question was first mailed on August 23, 2000, and appellant's suit was not filed until August 31, 2001, appellant's action was untimely. In addition, the court found that the ABA was entitled to the "fair report privilege" as codified in R.C. 2317.05, and that appellant had failed to produce clear and convincing evidence that the article had been published with actual malice so as to overcome the defense. The court additionally determined that appellant could not maintain a parallel cause of action for invasion of privacy, and, thus, avail himself of a four-year statute of limitations, because the facts reported in the article were not private in nature, having been the subject of several lawsuits initiated by appellant himself.
 {¶ 7} Appellant now assigns the following as error:
 {¶ 8} "1. The trial court committed prejudicial error by stating or implying that Appellees [sic] publication was a Fair Report.
 {¶ 9} "2. The trial court committed error as a matter of law in stating that statute of limitations for action in invasion of privacy was one year rather than four years.
 {¶ 10} "3. Trial court erred in stating the Appellant had run out of one-year statute of limitations period for defamation."
 {¶ 11} Appellate review of summary judgment motions is de novo. Helton v. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183.
 {¶ 12} When a motion for summary judgment has been supported by proper evidence, a non-moving party may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing that there is a genuine triable issue. Civ.R. 56(E); Jackson v. Alert Fire Safety Equip., Inc. (1991), 58 Ohio St.3d 48, 52. To establish the existence of a genuine issue of material fact, the non-moving party must do more than simply resist the allegations in the motion. Rather, that party must affirmatively set forth facts which entitle him to relief. Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, 111. If the non-moving party "does not so respond, summary judgment, if appropriate, shall be entered against the party." Civ.R. 56(E).
 {¶ 13} Appellant's first assignment of error asserts that the trial court erred in finding that the ABA's publication was a fair report. R.C. 2317.05 states:
 {¶ 14} "The publication of a fair and impartial report of the return of any indictment, the issuing of any warrant, the arrest of any person accused of crime, or the filing of any affidavit, pleading, or other document in any criminal or civil cause in any court of competent jurisdiction, or of a fair and impartial report of the contents thereof, is privileged, unless it is proved that the same was published maliciously, or that defendant has refused or neglected to publish in the same manner in which the publication complained of appeared, a reasonable written explanation or contradiction thereof by the plaintiff, or that the publisher has refused, upon request of the plaintiff, to publish the subsequent determination of such suit or action. This section and section2317.04 of the Revised Code do not authorize the publication of blasphemous or indecent matter."
 {¶ 15} To qualify for the protection set forth in R.C. 2317.05, a publication must convey "the essence of the official record to the ordinary reader, without misleading the reader by the inclusion of inaccurate extra-record information or the exclusion of relevant information in the record." Oney v. Allen (1988), 39 Ohio St.3d 103, at paragraph three of the syllabus.
 {¶ 16} In addressing this issue, the trial court stated that the ABA was entitled to the fair report privilege as set forth in R.C. 2317.05, and found that appellant failed to submit evidence of actual malice on the part of the ABA, so as to negate the fair report defense. The court therefore concluded that appellant's claim for defamation lacked legal foundation.
 {¶ 17} The substance of the complaints by the female law student and of the disciplinary proceedings at Capital University were explored at great length in a public forum as a result of the eight prior lawsuits against Capital which were filed by appellant. The ABA Journal article mentioning appellant fairly discusses factual allegations in the prior litigation. Thus, R.C. 2317.05 provides a complete defense. In fact, appellant does not contest the fact that the portion of the ABA Journal article pertaining to him sets forth allegations which were fully developed in the previous litigation. As a result, the trial court did not err in granting summary judgment based upon the fair report privilege set forth in R.C. 2317.05, and appellant's first assignment of error is overruled.
 {¶ 18} Appellant's third assignment of error argues that the trial court erred in declaring that appellant's cause of action was time-barred by the one-year statute of limitations period for defamation.
 {¶ 19} The Ohio Supreme Court defined "libel" in A B-Abell Elevator Co. v. Columbus/Cent. Ohio Bldg. Constr. Trades Council (1995), 73 Ohio St.3d 1, at 7, as:
 {¶ 20} "* * * [A] false written publication, made with some degree of fault, reflecting injuriously on a person's reputation, or exposing a person to public hatred, contempt, ridicule, shame or disgrace, or affecting a person adversely in his or her trade, business or profession. * * *"
 {¶ 21} The gravamen of a libel action is the impact of the false written statement on the plaintiff's reputation and not necessarily the plaintiff's knowledge of the statement. Morgan v. Hustler Magazine, Inc. (1987), 653 F. Supp. 711.
 {¶ 22} The statute of limitations for a libel action in Ohio is one year. R.C. 2305.11(A). Ohio has held that the statute of limitations for defamation, be it libel or slander, begins to run at the time words are written or spoken, not when the plaintiff became aware of them. Pearl v. Koch (1894), 5 Ohio Dec. 5; Palmer v. Westmeyer (1988),48 Ohio App.3d 296. Although not making the argument specifically, appellant urges this court to adopt a discovery rule for libel actions as is the case with medical malpractice claims. This approach was rejected in Lyons v. Farmers Ins. Group of Companies (1990), 67 Ohio App.3d 448, and we agree with the reasoning of the Second District Court of Appeals. As stated in Guccione v. Hustler Magazine, Inc. (1978), 64 Ohio Misc. 59, at 60:
 {¶ 23} "A cause of action accrues when the right to prosecute it begins. In terms of publications, it seems clear that the right to file suit on a cause of action for libel accrues upon the first publication of the matter complained of. To adopt the accrual rule advocated by plaintiff would result in an interpretation of R.C. 2305.11 in which the statute of limitations would never toll in libel cases so long as there were available issues of the alleged libelous publications. * * *"
 {¶ 24} Therefore, appellant's cause of action accrued on August 23, 2000, the date upon which the ABA Journal article was first published, i.e., began to be distributed to readers. Agreeing with the trial court that appellant's cause of action was time-barred, we overrule appellant's third assignment of error.
 {¶ 25} Appellant's second assignment of error charges that the trial court erred in stating that the statute of limitations for invasion of privacy was one year rather than four years. Although appellant is correct in pointing out that the statute of limitations for invasion of privacy is four years, the trial court determined that appellant's claim was for defamation, not invasion of privacy. In so holding, the court relied upon Worpenberg v. The Kroger Co. (Mar. 8, 2002), Hamilton App. No. C-010381, at ¶ 36, in which the First District Court of Appeals stated:
 {¶ 26} "In determining which statute of limitations should be applied to a particular action, a court `must look to the actual nature or subject matter of the case, rather than to the form in which the action is pleaded. The grounds for bringing the action are the determinative factors; the form is immaterial.' Hambleton v. R.G. Barry Corp. (1984),12 Ohio St.3d 179, 183, 465 N.E.2d 1298, 1302."
 {¶ 27} The predominant subject matter of appellant's action, as was the case in Worpenberg, was the alleged damage to appellant's reputation caused by the circulation of allegedly false information. This was clearly a defamation claim, and the trial court did not err in applying a defamation statute of limitations. Finding no reversible error on this point, we overrule appellant's second assignment of error.
 {¶ 28} Having overruled appellant's three assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.